[41 NE3d 766, 19 NYS3d 802]

LEONARD HUTCHINSON, Appellant, v SHERIDAN HILL HOUSE CORP., Respondent.

MATVEY ZELICHENKO, Appellant, v 301 ORIENTAL BOULEVARD, LLC, Respondent.

MAUREEN ADLER, Appellant, v QPI-VIII LLC, et al., Respondents.

Argued September 17, 2015; decided October 20, 2015

68

## POINTS OF COUNSEL

*Pollack, Pollack, Isaac & DeCicco, LLP*, New York City (*Brian J. Isaac* of counsel) and *Getz & Braverman, P.C.* (*Michael Braverman* of counsel), for appellant in the first above-entitled action. I. A defect which is not readily visible, and constitutes a trap or snare which can cause a person to trip, is not trivial as a matter of law, even where it is small. (*Loughran v City of New York*, 298 NY 320; *Pratt v Village of Seneca Falls*, 295 NY 690; *Lynch v City of Beacon*, 295 NY 872; *Dowd v City of Buffalo*, 290 NY 895; *Norbury v City of Buffalo.*, 246 NY 605; *Wilson v Jaybro Realty & Dev. Co.*, 289 NY 410; *Trincere v County of Suffolk*, 90 NY2d 976; *Walker v City of New York*, 60 NY2d 557; *Delaney v Philhern Realty Holding Corp.*, 280 NY 461; *Taylor v New York City Tr. Auth.*, 48 NY2d 903.) II. When construed in a light most favorable to the plaintiff as the party opposing summary judgment, the record does not support defendant's assertion that it lacked notice of the metal remnant that caused plaintiff's accident as a matter of law; the defect existed for years prior to the accident, and was readily apparent, so that defendant's agents' failure to see it is inculpatory under the governing case law. (*Gordon v American Museum of Natural History*, 67 NY2d 836; *Negri v Stop & Shop*, 65 NY2d 625; *Sanchez v State of New York*, 99 NY2d 247; *Weigand v United Traction Co.*, 221 NY 39; *Blake v UTEC Constructors*, 48 NY2d 875; *Farrell v Prentice*, 206 AD2d 799; *Kirby v Montgomery Bros. & Co.*, 197 NY 27; *Adlam v Konvalinka*, 291 NY 40; *Kumkumian v City of New York*, 305 NY 167; *Woloszynowski v New York Cent. R.R. Co.*, 254 NY 206.)

*Kaufman Dolowich & Voluck, LLP*, Hackensack, New Jersey (*Kevin J. O'Donnell* of counsel), for respondent in the first above-entitled action. I. The courts below properly ruled that defendant met its prima facie burden establishing that it lacked notice of the alleged defect which plaintiff failed to rebut. (*Kraemer v K-Mart Corp.*, 226 AD2d 590; *Gordon v American Museum of Natural History*, 67 NY2d 836; *Goldman v Waldbaum, Inc.*, 248 AD2d 436; *Personius v Mann*, 20 AD3d 616; *Hayes v Riverbend Hous. Co., Inc.*, 40 AD3d 500; *Basso v Miller*, 40 NY2d 233; *Burko v Friedland*, 62 AD3d 462; *Arnold*

*v New York City Hous. Auth.*, 296 AD2d 355; *Hayden v Waldbaum, Inc.*, 63 AD3d 679; *Denker v Century 21 Dept. Stores, LLC*, 55 AD3d 527.) II. The alleged defect was trivial and nonactionable as a matter of law. (*Trionfero v Vanderhorn*, 6 AD3d 903; *Trincere v County of Suffolk*, 90 NY2d 976; *Gaud v Markham*, 307 AD2d 845; *Burko v Friedland*, 62 AD3d 462; *Sokolovskaya v Zemnovitsch*, 89 AD3d 918; *Riley v City of New York*, 50 AD3d 344; *Taveras v City of New York*, 59 AD3d 178; *Schenpanski v Promise Deli, Inc.*, 88 AD3d 982; *Milewski v Washington Mut., Inc.*, 88 AD3d 853; *Meehan v David J. Hodder & Son, Inc.*, 13 AD3d 593.) III. The motion court and Appellate Division properly held that the report of plaintiff's engineering expert was inadmissible and unreliable. (*Grasso v Angerami*, 79 NY2d 813; *Kearse v New York City Tr. Auth.*, 16 AD3d 45; *Stuart v Ellis Hosp.*, 198 AD2d 559; *Papineau v Powell*, 251 AD2d 924; *Chase v Cayuga Med. Ctr. at Ithaca*, 2 AD3d 990; *Figueroa v Haven Plaza Hous. Dev. Fund Co.*, 247 AD2d 210; *Burko v Friedland*, 62 AD3d 462; *Young v Ai Guo Chen*, 294 AD2d 430; *Kruimer v National Cleaning Contrs.*, 256 AD2d 1; *Vazquez v JRG Realty Corp.*, 81 AD3d 555.)

*Wingate, Russotti, Shapiro & Halperin, LLP*, New York City (*David M. Schwarz* of counsel), for appellant in the second above-entitled action. I. The Appellate Division, Second Department, committed an error of law when it determined issues of fact rather than determining the existence of issues of fact. (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395; *Trincere v County of Suffolk*, 90 NY2d 976; *Glenbriar Co. v Lipsman*, 5 NY3d 388; *Buchholz v Trump 767 Fifth Ave., LLC*, 5 NY3d 1; *Grosskopf v 8320 Parkway Towers Corp.*, 88 AD3d 765; *Basso v Miller*, 40 NY2d 233; *Puma v New York City Tr. Auth.*, 55 AD3d 585; *Morehouse v Matthews*, 2 NY 514.) II. The trivial defect doctrine should not be applied to indoor private property to the extent that it has been. (*Terry v Village of Perry*, 199 NY 79; *Trincere v County of Suffolk*, 90 NY2d 976; *Peralta v Henriquez*, 100 NY2d 139.)

*Gannon, Rosenfarb, Balletti & Drossman*, New York City (*Lisa L. Gokhulsingh* of counsel), for respondent in the second above-entitled action. A dangerous condition did not exist at the building. (*Solomon v City of New York*, 66 NY2d 1026; *Basso v Miller*, 40 NY2d 233; *Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507; *Putnam v Stout*, 38 NY2d 607; *Arnold v New York City Hous. Auth.*, 296 AD2d 355; *Moody v Woolworth Co.*, 288 AD2d

446; *Kotsakos v Tsirigotis*, 28 AD3d 426; *Mokszki v Pratt*, 13 AD3d 709; *Ianotta v Tishman Speyer Props., Inc.*, 46 AD3d 297; *Mochen v State of New York*, 57 AD2d 719.)

*Margaret G. Klein, Defense Association of New York, Inc.* (*Andrew Zajac, Dawn C. DeSimone, Rona L. Platt* and *Jonathan T. Uejio* of counsel), for Defense Association of New York, Inc., amicus curiae, in the second above-entitled action. Plaintiff's attempt to limit the trivial defect doctrine to open-air areas owned by municipalities should be rejected. (*Trincere v County of Suffolk*, 90 NY2d 976; *Guerrieri v Summa*, 193 AD2d 647; *Heeney v Topping*, 13 NY2d 1049; *Doerr v Goldsmith*, 25 NY3d 1114; *Loughran v City of New York*, 298 NY 320; *Beltz v City of Yonkers*, 148 NY 67; *Gastel v City of New York*, 194 NY 15; *Terry v Village of Perry*, 199 NY 79; *Aguayo v New York City Hous. Auth.*, 71 AD3d 926; *Peralta v Henriquez*, 100 NY2d 139.)

*Law Offices of Vel Belushin, P.C.*, Brooklyn (*Georgette Hamboussi* of counsel), for appellant in the third above-entitled action. I. The Second Department improperly usurped the jury province when it determined based on its review of photographs alone that the defect was trivial as a matter of law. (*Kosson v Algaze*, 84 NY2d 1019; *Vega v Restani Constr. Corp.*, 18 NY3d 499; *Matter of Cuttitto Family Trust*, 10 AD3d 656; *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395; *Roth v Barreto*, 289 AD2d 557; *O'Neill v Town of Fishkill*, 134 AD2d 487; *S.J. Capelin Assoc. v Globe Mfg. Corp.*, 34 NY2d 338; *Surdo v Albany Collision Supply, Inc.*, 8 AD3d 655; *Glover v City of New York*, 298 AD2d 428; *Speller v Sears, Roebuck & Co.*, 100 NY2d 38.) II. The Second Department erred when it failed, after finding based on a bare conclusory assertion that the defect was trivial, to consider whether respondents met their burden to show that they neither created the defective condition nor had actual or constructive notice of its existence. (*Johnson v Culinary Inst. of Am.*, 95 AD3d 1077; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598; *Lehman v North Greenwich Landscaping, LLC*, 16 NY3d 747; *Weller v Colleges of the Senecas*, 217 AD2d 280; *Joachim v 1824 Church Ave., Inc.*, 12 AD3d 409; *Van Steenburg v Great Atl. & Pac. Tea Co.*, 235 AD2d 1001; *Porco v Marshalls Dept. Stores*, 30 AD3d 284; *Sledge v Apple Maintenance & Servs., Inc.*, 23 Misc 3d 1114[U], 2009 NY Slip Op 50774[U]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851.)

*McGaw, Alventosa & Zajac,* Jericho (*Joseph Horowitz* of counsel), for respondents in the third above-entitled action. The alleged defect on the stair was trivial in nature and had none of the characteristics of a trap or snare. (*Trincere v County of Suffolk,* 90 NY2d 976; *Copley v Town of Riverhead,* 70 AD3d 623; *Guerrieri v Summa,* 193 AD2d 647; *Heeney v Topping,* 13 NY2d 1049; *Schenpanski v Promise Deli, Inc.,* 88 AD3d 982; *DiNapoli v Huntington Hosp.,* 303 AD2d 359; *Marinaccio v LeChambord Rest.,* 246 AD2d 514; *Leon v Alcor Assoc., L.P.,* 96 AD3d 635; *Fisher v JRMR Realty Corp.,* 63 AD3d 677; *Maloid v New York State Elec. & Gas Corp.,* 257 AD2d 712.)

### OPINION OF THE COURT

FAHEY, J.

These cases teach that it is usually more difficult to define what is trivial than what is significant. The common factual and procedural thread among the three appeals before us is that an individual tripped on a defect in a sidewalk or stairway, and was injured, but was foreclosed from going to trial on the ground that the defect was characterized as too trivial to be actionable. We hold that the Appellate Division erred in dismissing the complaint in two of the three cases.

### I.

On April 23, 2009, plaintiff Leonard Hutchinson was walking on a concrete sidewalk in the Bronx when his right foot "caught" on a metal object protruding from the sidewalk and he fell, sustaining injuries. Hutchinson commenced this personal injury action against Sheridan Hill House Corp. The sidewalk where Hutchinson tripped abuts a building owned by Sheridan, which is responsible for maintaining the sidewalk in a reasonably safe condition under Administrative Code of the City of New York § 7-210 (a).

Discovery ensued. Hutchinson was deposed, along with a housing development director associated with Sheridan and two of its porters. Testimony was given that the sidewalk had been replaced in the summer of 2007. For his part, Hutchinson described the metal object as being "screwed on in the concrete" and gave rough estimates of its dimensions.

An employee of Sheridan's counsel visited the sidewalk in December 2010 and photographed and measured the metal object. He concluded that the object, cylindrical in shape, projected "between one eighth of an inch . . . and one quarter

of an inch" above the sidewalk and was "approximately five eighths of an inch" in diameter.[1]

Sheridan moved for summary judgment dismissing the complaint, asserting that the defect was trivial in nature and hence nonactionable and that Sheridan did not create, or have actual or constructive notice of, the defect. Sheridan submitted, among other documents, an affidavit of the law firm employee who had photographed the metal protrusion, giving his measurements; the photographs; the deposition testimony; and the engineer's report. In response, Hutchinson contended that there are issues of fact regarding whether the metal object created a hazard in the nature of a trap or snare and whether Sheridan had constructive notice of its existence.

Supreme Court granted summary judgment in favor of Sheridan on the ground that it lacked notice of the defect (2012 NY Slip Op 33804[U] [2012]).[2] The Appellate Division affirmed, holding that Sheridan had demonstrated that it did not have notice of the defect and, in addition, that the metal object's "minor height differential alone is insufficient to establish the existence of a dangerous or defective condition" (110 AD3d 552, 553 [1st Dept 2013]).

Two Justices dissented, reminding the majority that " 'there is no minimal dimension test or per se rule that a defect must be of a certain minimum height or depth in order to be actionable' " (*id.* at 554 [Acosta, J.P., and Saxe, J., dissenting], quoting *Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]). Moreover, the dissenters would have held that "an issue of fact remains as to whether the protruding piece of metal may be characterized as a trap or a snare such as could, without warning, snag a passerby's shoe" (110 AD3d at 556 [Acosta, J.P., and Saxe, J., dissenting]).

Hutchinson appeals pursuant to CPLR 5601 (a). We affirm.

## II.

On May 2, 2010, plaintiff Matvey Zelichenko fell while walking down a staircase in the lobby of a residential building in

---

**1.** A consulting engineer retained by Hutchinson's counsel visited the accident site in May 2011, by which time the protruding object had been removed. In an unsworn report submitted by Hutchinson as an expert witness disclosure, the engineer stated, without explanation, his opinion that the diameter of the metal object had been about 1.25 inches.

**2.** In dicta, Supreme Court found the engineer's report admissible under *Kearse v New York City Tr. Auth.* (16 AD3d 45, 47 n 1 [2d Dept 2005]), but inconclusive, and did not credit his estimate of the object's diameter.

Brooklyn he was visiting for the first time. The staircase has five risers or vertical elements. It has four step treads, made of terrazzo, 12 inches in horizontal depth, each with a one-inch nosing that projects over the riser below. There are handrails on each side, and Zelichenko made use of one.

On the second step tread from the bottom, Zelichenko's right leg "got caught" when he stepped on a part of the nosing where there was a missing piece or "chip." His leg twisted and he fell, with resulting injuries. Zelichenko commenced this personal injury action against 301 Oriental Boulevard, LLC, the owner of the building.

During discovery, Zelichenko and the superintendent of the building gave deposition testimony. Zelichenko identified several photographs as fairly and accurately depicting the stairway and, in particular, the area of the missing "chip." In one such photograph, a shoe-clad foot is shown on the step tread in question, next to an indentation in the nosing of the step; the toe of the shoe projects over the nosing.

301 Oriental moved for summary judgment dismissing the complaint, contending that the alleged defect in the step was trivial and nonactionable as a matter of law and that it was not on notice of the defect. 301 Oriental relied on an affidavit of an engineering consultant, Jeffrey J. Schwalje, who had inspected, measured, and photographed the staircase in May 2011; the photographs; and the deposition testimony.

Schwalje measured the dimensions of the missing "chip" as 3.25 inches in width and one-half inch in depth. Schwalje stated that the chipped step tread in question "did not present a tripping or slipping hazard. The small chip in the nosing is forward of a person's foot contact area and would be safely negotiated. There was more than sufficient space behind the chip for an individual to safely plant his/her foot." He further opined that "[a] person descending the stairway would not bear any weight on the chipped space or any other part of the step edge in the subject step tread unless his/her foot completely overstepped the tread."

Zelichenko opposed the motion, relying on the photographs of the staircase and an affidavit of another engineer, Stuart K. Sokoloff. With regard to the size of the "chip," Sokoloff agreed with Schwalje's assessment of the width of the "chip" but, based on the photographs, he concluded that the depth of the missing area was one inch in places.

Sokoloff relied on a monograph entitled "The Staircase—Studies of Hazards, Falls and Safer Design" by architecture professor John Templer. According to Sokoloff, Professor Templer, after explaining the physical processes whereby a human being walks down stairs, "states that one of the factors that may cause a fall is a broken tread" on a stairway, because "[w]hen our gait on stairs is disrupted or altered we can lose our balance or stumble especially when a defect is unsuspected, unknown, unanticipated and unexpected." Sokoloff added that "[i]t is necessary that all stair tread[s] be uniform without missing sections to support a person descending a stair in order for [the] person to maintain . . . balance when negotiating the steps."

Sokoloff criticized Schwalje's assertion that there was more than enough space behind the chip for an individual to place his or her foot. Citing Professor Templer, Sokoloff opined that "the foot can make contact with the end of the nosing." Sokoloff explained the process as follows:

> "As the other foot moves down the stairs, the foot currently in contact with the tip of the tread rolls forward until that second foot contacts the tread/step below. If a portion of the tip/nosing is missing during the stepping process . . . the contact area[ ] of the front of [the] foot is compromised/reduced to an extent that there would be insufficient tread area to support the ball/front of [the] foot with full body weight on it, and the foot could roll due to lack of support. This explains the mechanism of the plaintiff's fall."

Supreme Court denied 301 Oriental's motion, ruling that issues of fact existed as to actual or constructive notice and as to whether the alleged defect was trivial as a matter of law. The Appellate Division reversed Supreme Court's order and granted 301 Oriental's motion.

The Appellate Division stated that

> "[t]he evidence revealed that the alleged defect consisted of a chip measuring about 3.25 inches wide and about .5 inch deep, located almost entirely on the edge of the second to last step from the bottom, and not on the walking surface. Upon an examination of all of the facts presented, we find that the alleged defect was trivial, did not possess

the characteristics of a trap or nuisance, and, therefore, was not actionable" (117 AD3d 1038, 1040 [2d Dept 2014]).

We granted Zelichenko leave to appeal (24 NY3d 904 [2014]) and now reverse.

## III.

On March 30, 2010, plaintiff Maureen Adler was injured in a fall on the interior staircase of the apartment building where she lived. As she recalled in her deposition testimony, she was walking down the stairs when her right foot "got caught" on "a big clump in the middle of the stair"—a protrusion of some sort in a step tread—which had "been painted over." Adler commenced a personal injury action against QPI-VIII LLC and Vantage Management Services, LLC, the owner and manager of the building.

Adler's counsel photographed the protrusion in the step, and at her deposition Adler acknowledged that the photographs fairly and accurately depicted the stairway and the "clump." Adler testified that the stairway was illuminated by a 60-watt light bulb, that she was "[p]robably looking down" as she descended the stairs, that she did not recall any dirt or debris on the stairs, and that they were not slippery or cracked. She explained that she was very familiar with the stairway and in fact had seen the "clump" before on previous occasions.

The building superintendent testified that he had not noticed any uneven surface on the stairs prior to Adler's accident nor received any complaints about such. He stated that the stairs had been painted some "three or four years before" the date of the accident.

Defendants moved for summary judgment dismissing the complaint, asserting that the alleged defect was trivial in nature and hence nonactionable and that they had not created the defect and did not have actual or constructive notice of its existence. They relied on Adler's photographs as well as the deposition transcripts. Notably, defendants did not produce any measurements or other evidence of the dimensions of the "clump."[3]

Supreme Court denied the motion, ruling that defendants had failed to establish as a matter of law that they neither cre-

---

**3.** Adler herself did not offer a measurement of the protrusion at any stage of this action.

ated the alleged defect nor had actual or constructive notice of it, or that the defect was trivial. The Appellate Division reversed and granted the motion, ruling that "[t]he evidence, and in particular the photographs, established that the alleged defect was trivial as a matter of law and did not possess the characteristics of a trap or nuisance, and, therefore, was not actionable. In opposition, the plaintiff failed to raise a triable issue of fact" (124 AD3d 567, 568-569 [2d Dept 2015] [citations omitted]). The Appellate Division did not pass on the issue of notice. We granted Adler leave to appeal (25 NY3d 903 [2015]) and now reverse.

## IV.

In *Trincere v County of Suffolk* (90 NY2d 976 [1997]), this Court held that "there is no 'minimal dimension test' or per se rule that a defect must be of a certain minimum height or depth in order to be actionable" (*id.* at 977), and therefore that granting summary judgment to a defendant "based exclusively on the dimension[s] of the . . . defect is unacceptable" (*id.* at 977-978). Plaintiff Trincere tripped over a concrete paving slab, raised about a half inch in relation to the surrounding slabs in a plaza, and the lower courts dismissed her complaint, ruling the defect trivial as a matter of law. We held that a court must consider "all the facts and circumstances presented" (*id.* at 977) before concluding that no issue of fact exists, and emphasized that these factors will include, but should not be limited to, "the dimension[s] of the defect at issue" (*id.*). For this reason, we noted that "whether a dangerous or defective condition exists on the property of another so as to create liability . . . is generally a question of fact for the jury" (*id.* [internal quotation marks omitted]). Nevertheless, we noted that the Appellate Division had in fact considered all "the facts presented, including the width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (*Trincere*, 90 NY2d at 978 [internal quotation marks omitted]), and we concluded that it had properly ruled that no issue of fact existed (*id.*).

*Trincere* thus recognizes the doctrine that a defect alleged to have caused injury to a pedestrian may be trivial as a matter of law, but requires a holding of triviality to be based on all the specific facts and circumstances of the case, not size alone. In our opinion, we cited *Guerrieri v Summa* (193 AD2d 647 [2d Dept 1993]), which expressed the trivial defect doctrine

as the principle that a defendant " 'may not be cast in damages for negligent maintenance by reason of trivial defects on a walkway, not constituting a trap or nuisance, as a consequence of which a pedestrian might merely stumble, stub his toes, or trip over a raised projection' " (*id.* at 647, quoting *Liebl v Metropolitan Jockey Club*, 10 AD2d 1006, 1006 [2d Dept 1960], *rearg denied* 11 AD2d 946 [2d Dept 1960]; *see also e.g. Trionfero v Vanderhorn*, 6 AD3d 903, 903-904 [3d Dept 2004]; *Squires v County of Orleans*, 284 AD2d 990, 990 [4th Dept 2001]; *Morales v Riverbay Corp.*, 226 AD2d 271, 271 [1st Dept 1996]). *Trincere* and the line of cases in which it stands establish the principle that a small difference in height or other physically insignificant defect is actionable if its intrinsic characteristics or the surrounding circumstances magnify the dangers it poses, so that it "unreasonably imperil[s] the safety of" a pedestrian (*Wilson v Jaybro Realty & Dev. Co.*, 289 NY 410, 412 [1943]).

The repetition of the phrase "not constituting a trap" in many Appellate Division opinions should not be taken to limit the means by which a plaintiff may demonstrate a question of fact concerning the hazard posed by a physically small defect. Liability does not "turn[ ] upon whether the hole or depression, causing the pedestrian to fall, . . . constitutes 'a trap' " (*Loughran v City of New York*, 298 NY 320, 321-322 [1948]). The case law provides numerous examples of factors that may render a physically small defect actionable, including a jagged edge (*see e.g. Lupa v City of Oswego*, 117 AD3d 1418, 1419 [4th Dept 2014]; *Jacobsen v Krumholz*, 41 AD3d 128, 128-129 [1st Dept 2007]); a rough, irregular surface (*see e.g. Tese-Milner v 30 E. 85th St. Co.*, 60 AD3d 458, 458 [1st Dept 2009]); the presence of other defects in the vicinity (*see e.g. Young v City of New York*, 250 AD2d 383, 384 [1st Dept 1998]); poor lighting (*see e.g. McKenzie v Crossroads Arena*, 291 AD2d 860, 860-861 [4th Dept 2002], *lv dismissed* 98 NY2d 647 [2002]); or a location—such as a parking lot, premises entrance/exit, or heavily traveled walkway—where pedestrians are naturally distracted from looking down at their feet (*see e.g. Brenner v Herricks Union Free Sch. Dist.*, 106 AD3d 766, 767 [2d Dept 2013]; *Wilson v Time Warner Cable*, 6 AD3d 801, 802 [3d Dept 2004]; *George v New York City Tr. Auth.*, 306 AD2d 160, 161 [1st Dept 2003]; *Glickman v City of New York*, 297 AD2d 220, 221 [1st Dept 2002]; *Argenio v Metropolitan Transp. Auth.*, 277 AD2d 165, 166 [1st Dept 2000], *rearg denied* 2001 NY App Div LEXIS 1472 [1st Dept 2001]; *Jacobsen*, 41 AD3d at 128-129; *Tesak v Marine Midland Bank*, 254 AD2d 717, 718 [4th Dept 1998]).

Our survey of such cases indicates that the lower courts, appropriately, find physically small defects to be actionable when their surrounding circumstances or intrinsic characteristics make them difficult for a pedestrian to see or to identify as hazards or difficult to traverse safely on foot. Attention to the specific circumstances is always required and undue or exclusive focus on whether a defect is a "trap" or "snare" is not in keeping with *Loughran* and *Trincere*.

Finally, the trivial defect doctrine is best understood with our well-established summary judgment standards in mind. In a summary judgment motion, the movant must make a prima facie showing of entitlement to judgment as a matter of law before the burden shifts to the party opposing the motion to establish the existence of a material issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact.

## V.

We now apply these principles to the cases before us on appeal.

In *Hutchinson*, defendant Sheridan met its burden of making a prima facie showing that the cylindrical projection was trivial as a matter of law by producing measurements indicating that it was only about one quarter of an inch in height and about five eighths of an inch in diameter, together with evidence of the surrounding circumstances. The dimensions are set out in the record on appeal, which contains photographs showing ruler measurements of the object.

Plaintiff Hutchinson, seeking to show a triable issue of fact concerning features of the defect that would magnify the hazard it presents, asserts that the object had an abrupt edge, was irregular in shape, and was firmly inserted into the sidewalk, so that, in the words of the dissenting Justices at the Appellate Division, it "could, without warning, snag a passerby's shoe" (110 AD3d at 556 [Acosta, J.P., and Saxe, J., dissenting]). Hutchinson also suggests that he was not required to look down at his feet while walking along the sidewalk.

The characteristics enumerated by Hutchinson—the abruptness of the projecting edge, the alleged irregularity of its shape,

and its rigidity and firm insertion into the sidewalk—are not dispositive, being true of many contours in a sidewalk. Moreover, contrary to the assertions of Hutchinson and the Appellate Division dissenters, the test established by the case law in New York is not whether a defect is *capable* of catching a pedestrian's shoe. Instead, the relevant questions are whether the defect was difficult for a pedestrian to see or to identify as a hazard or difficult to pass over safely on foot in light of the surrounding circumstances.

Here, the metal object that Hutchinson tripped over, protruding only about a quarter of an inch above the sidewalk, was in a well-illuminated location approximately in the middle of the sidewalk and in a place where a pedestrian would not be obliged by crowds or physical surroundings to look only ahead. The object stood alone and was not hidden or covered in any way so as to make it difficult to see or to identify as a hazard. Its edge was not jagged and the surrounding surface was not uneven. Taking into account all the facts and circumstances presented, including but not limited to the dimensions of the metal object, we conclude that the defect was trivial as a matter of law.

The Appellate Division properly ruled that the defect was not actionable. There is accordingly no need for us to address Sheridan's alternative contention based on lack of actual or constructive notice.

## VI.

Plaintiff Zelichenko argues that the trivial defect doctrine should be limited to municipal defendants or to cases involving accidents on sidewalks, and does not apply to his fall on an interior staircase. He asserts that absent the trivial defect doctrine, a municipality would be burdened with inspecting, maintaining and repairing miles of sidewalk so as to rid public paths of every slight defect resulting from weathering and from expansion and contraction with changes in temperature. By contrast, Zelichenko points out, this policy consideration does not apply to owners of buildings, who may reasonably be required to ensure that interior walkways and staircases are safe. Moreover, he argues, expectations differ in varying locations and a person typically expects indoor surfaces to be more uniform and level, because they are not subject to so many changes due to the forces of nature.

While it is true that pedestrian expectations differ between exterior and interior walking surfaces, and the trivial

defect doctrine may have salutary consequences for municipalities, we do not accept Zelichenko's invitation to reframe the law of personal injury liability so radically. The trivial defect doctrine is grounded on a fundamental principle that spans all types of liability: that if a "defect is so slight that no careful or prudent [person] would reasonably anticipate any danger from its existence," and yet an accident occurs that is traceable to the defect, there is no liability (*Beltz v City of Yonkers*, 148 NY 67, 70 [1895]). This principle is equally applicable to private landlords and municipalities. Moreover, the trivial defect doctrine has been applied to defects on stairways, including those that are inside privately owned buildings (*see e.g. Cassizzi v Fordham Univ.*, 101 AD3d 645, 646 [1st Dept 2012]; *Sawicki v Conklin Realty Co., LLC*, 94 AD3d 1083, 1083 [2d Dept 2012]; *Vachon v State of New York*, 286 AD2d 528, 530 [3d Dept 2001]; *Slate v Fredonia Cent. School Dist.*, 256 AD2d 1210, 1210-1211 [4th Dept 1998]).

■ Zelichenko's further contentions, however, convince us that reversal is required. The Appellate Division in *Zelichenko*, in examining "all of the facts presented" (117 AD3d at 1040) as required by *Trincere*, concluded as a matter of law that the defect was trivial, stating in particular that the "chip" was "located almost entirely on the edge of the . . . step . . . and not on the walking surface" (*id.*). This was error.[4]

In particular, viewing the evidence in the light most favorable to Zelichenko, as we must in this procedural posture, we conclude that the Appellate Division erroneously decided that the "chip" was not on the walking surface of a step tread. Zeli-

---

4. The Second Department has attached significance to whether a defect was on "the walking surface" of a stairway in a number of recent cases. In *Maciaszek v Sloninski* (105 AD3d 1012, 1013 [2d Dept 2013]), the Second Department held a hole in a staircase to be trivial as a matter of law on the basis of circumstances that included that the hole "was one inch in diameter, half an inch deep, and located at the edge of the step." In *Grosskopf v 8320 Parkway Towers Corp.* (88 AD3d 765, 766 [2d Dept 2011]), the Court held that the alleged defect "consisted of a chip measuring less than two inches wide, located almost entirely on the nosing of the . . . step . . . and not on the walking surface," and concluded that the "chip" was trivial as a matter of law. In an earlier, distinguishable case, *Puma v New York City Tr. Auth.* (55 AD3d 585 [2d Dept 2008]), the Second Department held that there was no defective or dangerous condition because the plaintiff's fall in a subway station occurred when his foot became caught in a drainage canal "located at the extreme edge of the stairway tread, underneath the handrail" (*id.* at 585-586), rather than on a walking surface. We take no position on whether these cases were correctly decided.

chenko's expert, Sokoloff, citing Professor Templer, explained that, when descending a stairway, a human "foot can make contact with the end of the nosing" so that the walking surface of a step tread extends to the nosing. Indeed, in the photograph in the record of a foot positioned next to the "chip," the toe of the shoe extends across and over the nosing in a way that does not appear forced or unnatural.

Moreover, even if there were room on the step for a person to place his or her foot behind the defect, it would not follow as a matter of law that the defect is "not on the walking surface." That a person may place his or her foot on a step in such a way as to avoid the nosing does not imply that every person will always do so. What counts here is not whether a person could avoid the defect, but whether a person would invariably avoid the defect while walking in a manner typical of human beings descending stairs. A defect underneath a handrail (see Puma, 55 AD3d at 585-586) will presumably not be on the walking surface, but a defect in a place where a person may in the normal course of events place the weight of his or her body, resting on a foot, may be on the walking surface.

Here, the step tread had a missing piece, of irregular shape, 3.25 inches in width and at least one-half inch in depth, on the nosing of the step, where a person might step, and the record contains an expert affidavit explaining the necessity for step treads to be of uniform horizontal depth. After examining all the pertinent facts and circumstances of this case, as we are required to, we conclude that a material triable issue of fact exists regarding whether the defect was trivial.

For these reasons, the Appellate Division erred in concluding that the defect was nonactionable. Moreover, we agree with Supreme Court that an issue of fact exists as to actual or constructive notice (see generally Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; Taylor v New York City Tr. Auth., 48 NY2d 903, 904 [1979]). Therefore, the Appellate Division erred in granting 301 Oriental's summary judgment motion.

## VII.

In Adler, the summary judgment record, which included deposition testimony and indistinct photographs, but no measurements of the alleged defect, is inconclusive. Without evidence of the dimensions of the "clump," it is not possible to determine whether it is the kind of physically small defect to

which the trivial defect doctrine applies. We hold that defendants failed to meet their initial burden of making a prima facie showing of entitlement to judgment as a matter of law. The burden therefore did not shift to Adler to establish the existence of a material triable issue of fact.

We do not imply that there are no cases in which a fact-finding court could examine photographs and justifiably infer from them as a matter of law that an elevation or depression or other defect is so slight as to be trivial as a matter of law (*see e.g. Outlaw v Citibank, N.A.*, 35 AD3d 564, 565 [2d Dept 2006] ["The photographs of the stair introduced into evidence by the plaintiff show the patch to be a small, worn, rectangular-shaped area on the metal safety treads at the edge of the step. It has no sharp edges and appears shallow"]; *Julian v Sementelli*, 234 AD2d 866, 867 [3d Dept 1996] ["Our examination of those photographs shows only a slight height differential between two slabs of the sidewalk"]). Photographs that are acknowledged to "fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable" (*Schenpanski v Promise Deli, Inc.*, 88 AD3d 982, 984 [2d Dept 2011]). But we hold that the photographs in this case, whether alone or combined with the deposition testimony, cannot support a ruling of triviality as a matter of law.

For this reason, we agree with Adler's principal argument that the Appellate Division erred in holding that the alleged defect was trivial. Contrary to Adler's subsidiary contention, however, the Appellate Division committed no error in declining to rule on the notice issue, after it ruled in defendants' favor on another basis. A defendant moving for summary judgment in a slip-and-fall case is not obliged to demonstrate lack of notice if it can prevail on another ground (*see generally Bachrach v Waldbaum, Inc.*, 261 AD2d 426, 426 [2d Dept 1999]; *Colt v Great Atl. & Pac. Tea Co.*, 209 AD2d 294, 294-295 [1st Dept 1994]).

Nevertheless, because we rule against defendants on their other ground, we must consider the notice issue, and we hold that defendants failed to meet their burden to make a prima facie showing that they neither created nor had notice of the defect as a matter of law. The deposition testimony left significant doubt as to who painted the staircase, when it was painted, and whether the "clump" was "visible and apparent and . . . exist[ed] for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon*, 67 NY2d at 837).

## VIII.

*Trincere* stands for the proposition that a defendant cannot use the trivial defect doctrine to prevail on a summary judgment motion solely on the basis of the dimensions of an alleged defect, and that the reviewing court is obliged to consider all the facts and circumstances presented when it decides the motion. Summary judgment should not be granted to a defendant on the basis of "a mechanistic disposition of a case based exclusively on the dimension[s] of the . . . defect" (*Trincere*, 90 NY2d at 977-978), and neither should summary judgment be granted in a case in which the dimensions of the alleged defect are unknown and the photographs and descriptions inconclusive (*see* section VII, discussing *Adler*). Moreover, in deciding whether a defendant has met its burden of showing prima facie triviality, a court must—except in unusual circumstances not present here—avoid interjecting the question whether the plaintiff might have avoided the accident simply by placing his feet elsewhere (*see* section VI, discussing *Zelichenko*). In sum, there are no shortcuts to summary judgment in a slip-and-fall case.

Accordingly, in *Hutchinson*, the order of the Appellate Division should be affirmed, with costs; in *Zelichenko*, the order of the Appellate Division should be reversed, with costs, and defendant's motion for summary judgment denied; and, in *Adler*, the order of the Appellate Division should be reversed, with costs, and defendants' motion for summary judgment denied.

In *Hutchinson v Sheridan Hill House Corp.*: Order affirmed, with costs.

Opinion by Judge FAHEY. Chief Judge LIPPMAN and Judges PIGOTT, RIVERA, ABDUS-SALAAM and STEIN concur.

In *Zelichenko v 301 Oriental Blvd., LLC*: Order reversed, with costs, and defendant's motion for summary judgment denied.

Opinion by Judge FAHEY. Chief Judge LIPPMAN and Judges PIGOTT, RIVERA, ABDUS-SALAAM and STEIN concur.

In *Adler v QPI-VIII LLC*: Order reversed, with costs, and defendants' motion for summary judgment denied.

Opinion by Judge FAHEY. Chief Judge LIPPMAN and Judges PIGOTT, RIVERA, ABDUS-SALAAM and STEIN concur.