Graham v State of New York (2018 NY Slip Op 03294)





Graham v State of New York


2018 NY Slip Op 03294


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, AND CURRAN, JJ.


612 CA 17-01661

[*1]ALYSON GRAHAM AND BEN GRAHAM, CLAIMANTS-APPELLANTS,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 122092.) 






LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR CLAIMANTS-APPELLANTS. 
ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATE H. NEPVEU OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from a judgment of the Court of Claims (Catherine C. Schaewe, J.), entered December 15, 2016. The judgment dismissed the claim after a trial on the issue of liability. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Claimants commenced this action against defendant, the State of New York, seeking damages for injuries allegedly sustained by Alyson Graham (claimant) when, while jogging on the Centerway Bridge in Corning, New York, she tripped on a steel plate that was elevated from the concrete sidewalk. After a trial on the issue of liability, the Court of Claims dismissed the claim. Contrary to claimants' contention, the court properly determined, after considering all the facts and circumstances of the case, that they failed to establish the existence of a dangerous or defective condition on the sidewalk at the time of the accident, and that the defect in the sidewalk was, in fact, trivial (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 78-79 [2015]; Trincere v County of Suffolk, 90 NY2d 976, 977 [1997]). The evidence at trial established that the incident occurred on a clear, sunny day, that claimant saw the readily apparent steel plate, and that the height differential between the steel plate and the sidewalk was small. The determination of the court is "supported by a fair interpretation of the evidence," and we therefore will not disturb it (Guastella v State of New York, 135 AD3d 819, 819 [2d Dept 2005]; see generally Black v State of New York [appeal No. 2], 125 AD3d 1523, 1524 [4th Dept
2015]).
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court