Suarez v Emerald 115 Mosholu LLC (2018 NY Slip Op 06059)





Suarez v Emerald 115 Mosholu LLC


2018 NY Slip Op 06059


Decided on September 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 13, 2018

Renwick, J.P., Gische, Kapnick, Gesmer, Kern, JJ.


6969

[*1]Flor Suarez, et al., 20377/15E Plaintiffs-Respondents,
v Emerald 115 Mosholu LLC, et al., Defendants-Appellants.


Kerley, Walsh, Matera & Cinquemani, P.C., Seaford (Lauren B. Bristol of counsel), for appellants.
Jaroslawicz & Jaros PLLC, New York (David Tolchin of counsel), for respondents.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered on or about June 5, 2017, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff slipped and fell on a sidewalk when his right foot "went into a little ditch," causing him to lean forward, at which point his left foot "went into another crack," causing him to fall on his right side. Additionally, plaintiff testified that there was snow surrounding the sidewalk as well as ice "[a]ll around" the sidewalk. Prior to his fall, plaintiff had "moved to [his] right" to allow another pedestrian walking with two dogs to pass. It was once he started walking again down the center of the sidewalk that his accident took place.
Defendants, the building owner and property manager, moved for summary judgment, arguing that the alleged defective condition was a trivial defect and, therefore, not actionable. In support of their motion, defendants submitted, inter alia, an affidavit of a professional engineer who opined that the sidewalk was in excellent condition "without cracking or other defects" and that the separation of the sidewalk flags, otherwise known as expansion joints, "contains no hazard, not even a trivial or de minimis hazard and violates no code, statute or regulation." Defendants' expert further stated that based on his measurements, the "largest differential in vertical displacement" of the sidewalk flag was "5/8-inch, which does not constitute a walking hazard to an able-bodied pedestrian."
In opposition, plaintiff submitted an affidavit from an expert engineer who also found that the sidewalk flags had a vertical height differential of over one half inch. However, plaintiff's expert opined that this differential and the dimension of the opening at the expansion joint created a "trap-like hazardous condition and [was] a known cause of trip and fall accidents." The expert further opined that the condition of the sidewalk had been in a noticeable state of disrepair for at least one year prior to plaintiff's fall, and therefore, defendants should have been aware of the unsafe condition.
The motion court properly rejected defendants' argument that the sidewalk defect was trivial as a matter of law and denied defendants' motion for summary judgment, finding issues of fact. The Court of Appeals has held "that there is no "minimal dimension test" or per se rule that a defect must be of a certain minimum height or depth in order to be actionable' . . . and therefore [] granting summary judgment to a defendant based exclusively on the dimensions[s] of the . . . defect is unacceptable'" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 77 [2015], quoting Trincere v County of Suffolk, 90 NY2d 976, 977-978 [1997]). Thus, a finding of triviality, as a matter of law, must "be based on all the specific facts and circumstances of the case, not size alone" (Hutchinson v Sheridan Hill House Corp., 26 NY3d at 77). For this reason, the Court of Appeals has noted that "whether a dangerous or defective condition exists on the property of another so as to create liability . . . is generally a question of fact for the jury" (Trincere, 90 NY2d at 977 [internal quotation marks omitted]).
Here, the crux of defendants' triviality argument is that the defect was physically insignificant. However, as already noted, case law prohibits us from basing a finding of triviality on size alone. Indeed, before the burden can shift to the plaintiff, defendants "must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses" (Hutchinson v Sheridan Hill House Corp., 26 NY3d at 79 [emphasis added]). Even if this Court were to determine that defendants met their burden here, plaintiff's expert raised an issue of fact when he opined that the defect created a "trap-like hazardous condition" and one that was known to cause trip and fall accidents, thus precluding a grant of summary judgment in defendants' favor.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 13, 2018
CLERK