Poliziani v Culinary Inst. of Am. (2018 NY Slip Op 08519)





Poliziani v Culinary Inst. of Am.


2018 NY Slip Op 08519


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-11350
 (Index No. 50633/14)

[*1]Janice Ann Poliziani, et al., appellants,
v
Culinary Institute of America, respondent, et al., defendant.


Sacks and Sacks, LLP, New York, NY (Scott N. Singer and Edward W. Ford of counsel), for appellants.
Thomas K. Moore (Andrea G. Sawyers, Melville, NY [David R. Holland], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (James W. Hubert, J.), dated September 30, 2016. The order granted the motion of the defendant Culinary Institute of America for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Culinary Institute of America for summary judgment dismissing the complaint insofar as asserted against it is denied.
On July 12, 2014, the plaintiffs Janice Ann Poliziani (hereinafter the injured plaintiff) and Frank Poliziani were attending a charitable event hosted by the Culinary Institute of America (hereinafter the defendant). After dinner was served, the plaintiffs started dancing together on a temporary dance floor that was set up at the venue for the event. While dancing, the injured plaintiff allegedly fell down after she slipped on the beveled edge between the dance floor and the adjoining rug, hitting her head and losing consciousness, and injuring her right wrist. The plaintiffs commenced this action against the defendant and Aladdin Tent Rentals, Inc., the supplier of the temporary dance floor. Following discovery, the defendant moved for summary judgment dismissing the complaint insofar as asserted against it. The defendant argued that it was entitled to summary judgment on the ground that the beveled edge between the dance floor and the rug was not defective or hazardous, and, in any event, constituted a nonactionable trivial defect. The Supreme Court granted the defendant's motion, and the plaintiffs appeal.
A landowner must act reasonably in maintaining its property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk (see Cupo v Karfunkel, 1 AD3d 48, 51; see also Basso v Miller, 40 NY2d 233, 241). "Whether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of [*2]each case and is generally a question of fact for the jury" (Trincere v County of Suffolk, 90 NY2d 976, 977 [internal quotation marks omitted]; see Wilks v City of New York, 144 AD3d 673, 674). "A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses" (Hutchinson v Sheridan Hill House, Corp., 26 NY3d 66, 79). The Court of Appeals has recognized that even a physically small defect may be actionable, such as where there is a jagged edge, a rough, irregular surface, the presence of other defects in the vicinity, or poor lighting, or if the defect is located where people are naturally distracted from looking down at their feet (see id. at 78). Attention to the specific circumstances is always required, and undue or exclusive focus on whether a defect is a trap or snare is not appropriate (see id. at 79).
In support of its motion, the defendant submitted an expert affidavit from an architect who inspected the subject dance floor. It also submitted photographs of the dance floor and carpeting. The expert averred that, among other things, the material on the edge of the dance floor contained a micro texture for slip resistance and contrasting color to provide a clear edge demarcation between the carpeting and dance floor surface. The defendants' submissions established the defendants' prima facie entitlement to judgment as a matter of law by showing that the beveled edge between the dance floor and the carpet did not constitute a dangerous or defective condition.
In opposition, the plaintiffs raised a triable issue of fact. The plaintiffs submitted the expert affidavit of a professional engineer who inspected the dance floor and carpet area. He measured the static coefficient of friction of the beveled edges of the dance floor, and found that they did not provide proper slip resistance for an individual stepping on it while dancing. Additionally, he found that inadequate lighting contributed to the accident by "not providing visual clues to recognize that the dance floor had terminated with the subject metal edging."
Given the conflicting expert affidavits, and the circumstances of the accident, there are triable issues of fact as to whether the beveled edges of the dance floor constituted a dangerous condition that caused the injured plaintiff to slip and fall (see Stanojevic v Scotto Bros. Rest. Enters., Inc., 16 AD3d 575, 576).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
CHAMBERS, J.P., SGROI, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court