McCabe v Avalon Bay Communities, Inc. (2019 NY Slip Op 08350)





McCabe v Avalon Bay Communities, Inc.


2019 NY Slip Op 08350


Decided on November 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2019

Gische, J.P., Tom, Kapnick, Kern, Moulton, JJ.


10287 156813/16

[*1] Lynn McCabe, Plaintiff-Appellant,
v
Avalon Bay Communities, Inc., et al., Defendants-Respondents.


Seiden & Kaufman, Carle Place (Steven J. Seiden of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York (Jeremy Pollack of counsel), for respondents.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about December 5, 2018, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff was allegedly injured when she fell forward onto her face and shoulder after tripping on a raised sidewalk flag. In describing the accident, plaintiff testified at her deposition that the tip of her sneaker hit the raised sidewalk like "a brick wall" and "went into the little gap." However, in response to defense counsel's question, she agreed that her "foot" did not go "down inside the gap." In her affidavit opposition to the motion for summary judgment, plaintiff stated, "I don't believe my toe struck the bottom of the gap but I am sure the wide gap enabled my foot to strike more of the raised portion of the sidewalk."
Defendants moved for summary judgment, arguing that the condition was trivial, open and obvious, and not inherently dangerous. Defendants submitted an expert affidavit, photographs, and deposition testimony. The expert concluded that the height differential in the sidewalk caused by the raised flag ranged between 7/16 of an inch and 13/16 of an inch.
In opposition, plaintiff pointed to a map of the property, a budget report, her photographs, and deposition testimony.[FN1] Plaintiff noted that defendants' maintenance manager had marked blue dots on a map during his inspection of the property months before her accident. The map appears to depict two blue dots in the vicinity of her fall. Plaintiff stressed that the maintenance manager testified that he marked the map with blue dots to indicate the areas where he expected that concrete repairs would be made. Plaintiff also pointed to the property's budget report, which referred to, months before her fall, the "High" priority need to repair large deteriorated sections of "Concrete Walks and Curbs." She further noted that some of her photographs depict a circle of white paint on the raised portion of the sidewalk, which she noticed immediately after her fall. The white circle was important, plaintiff argued, in light of defendants' maintenance manager's testimony that the contractor probably painted the circle to mark the spot so that defendants could look at it or repair it.
Supreme Court erred in concluding that the defect was trivial as a matter of law. When moving for summary judgment, a defendant must make "a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79 [2015]). "[T]here is no . . . per se rule that a defect must be of a certain minimum height or depth in order to be actionable" (id. at 77 [internal quotation marks omitted], citing Trincere v County of Suffolk, 90 NY2d 976, 977 [1997]). A finding that a condition is a trivial defect must "be based on all the specific facts and circumstances of the case, not size alone" (Hutchinson, 26 NY3d at 77). The issue is generally a jury question because it is a fact-intensive inquiry (id.).
Even assuming that defendants met their burden of proof, plaintiff raised issues of fact for trial (see e.g. Suarez v Emerald 115 Mosholu LLC, 164 AD3d 1130 [1st Dept 2018] [plaintiff raised an issue of fact even though the height differential of a raised sidewalk flag was approximately five eighths of an inch]). Issues of fact include whether any portion of plaintiff's sneaker went into the gap and, if so, how far. Moreover, the jury is entitled to consider the evidence that defendants themselves may have determined that the condition was hazardous, which may in turn bear on whether the defect was in fact trivial. Notably, defendants' maintenance manager testified that he marked the blue dots on the property map because there was "[p]robably . . . something of concern.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 19, 2019
DEPUTY CLERK



Footnotes

Footnote 1:At her deposition, plaintiff testified that she measured the height differential of the raised sidewalk flag as close to one inch. In her affidavit in opposition to summary judgment, she explained that she also measured the distance between the top of the raised sidewalk and the bottom of the gap, which she claimed was almost two inches. Defendants' expert did not measure the width or the depth of the gap, because defendants asserted that plaintiff did not testify that the gap was related to her fall.