Arpa v 245 E. 19 Realty LLC (2020 NY Slip Op 06444)





Arpa v 245 E. 19 Realty LLC


2020 NY Slip Op 06444


Decided on November 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

Before: Kapnick, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Index No. 161821/15 Appeal No. 12358 Case No. 2019-4668 

[*1]Thomas Arpa, Plaintiff-Appellant,
v
245 E. 19 Realty LLC, Defendant-Respondent.
245 E. 19 Realty LLC, Third-Party Plaintiff-Respondent,
v
Schindler Elevator Corporation, Third-Party Defendant-Respondent.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Barclay Damon LLP, Albany (Colm P. Ryan of counsel), for 245 E. 19 Realty LLC, respondent.
Sabatini & Associates, New York (Richard J. Sabatini of counsel), and Schaerr Jaffe, LLP, Washington, D.C. (H. Christopher Bartolomucci of the bar of the Commomwealth of Virginia and District of Columbia, admitted pro hac vice, of counsel), for Schindler Elevator Corporation, respondent.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered May 15, 2019, which, to the extent appealed from as limited by the briefs, granted defendant/third-party plaintiff 245 E. 19 Realty LLC's (19 Realty) motion for summary judgment dismissing plaintiff's claim for common-law negligence, unanimously reversed, on the law, without costs, defendant's motion denied, and the complaint reinstated.
Plaintiff, an elevator mechanic employed by third-party defendant Schindler Elevator Corporation (Schindler), commenced this action for personal injuries he sustained on November 6, 2015, when he tripped and fell on a pipe stub in an elevator motor room at an apartment building located at 245 East 19th Street in Manhattan, which is owned by defendant 19 Realty. Plaintiff testified that he had been called to the building to do work on elevator car #4. After he completed his work, he took elevator car #3 to the building's motor room to restore power to elevator car #4. When he arrived, he noticed a puddle of oil between the elevator cars and proceeded to clean it with a rag. He then discarded the rag, and as he walked back towards the elevators, he tripped on a piece of pipe sticking out of the floor and fell toward elevator car #3. The car was running and plaintiff's hand "went in between the ropes and sheave" of the motor of car #3 and was pulled into the machinery. Neither elevator car had guards surrounding the elevator cables. As a result of this accident, portions of plaintiff's right hand were amputated.
"[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (Trincere v County of Suffolk, 90 NY2d 976, 977 [1997] [internal quotation marks omitted]). "A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79 [2015]). Moreover, "there is no minimal dimension test or per se rule that a defect must be of a certain minimum height or depth in order to be actionable," and therefore "granting summary judgment to a defendant based exclusively on the dimension[s] of the . . . defect is unacceptable" (id. at 77 [internal quotation marks omitted]). The cases recognize that "a holding of triviality [must] be based on all the specific facts and circumstances of the case, not size alone" (id.). Here, 19 Realty failed to meet its prima facie burden of establishing that the pipe stub defect was trivial and nonactionable, given that the surrounding circumstances included the unguarded and exposed hoist and moving cables of the elevator cars, which magnified the risk the pipe stub posed and rendered the raised pipe stub more dangerous than it might otherwise have been. Moreover, both 19 Realty and the court below improperly relied almost exclusively on the size of the pipe stub, which the Court of Appeals has held is not the proper analysis (see Hutchinson, 26 NY3d at 77). Additionally, the record established that 19 Realty had notice of the pipe stub, since the handyman at defendant's building testified that the pipe stub had been in the motor room since at least 2007.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2020