Camara v Costco Wholesale Corp. (2021 NY Slip Op 06435)





Camara v Costco Wholesale Corp.


2021 NY Slip Op 06435


Decided on November 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 18, 2021

Before: Kapnick, J.P., Webber, Oing, Rodriguez, JJ. 


Index No. 152399/17 Appeal No. 14646 Case No. 2020-02715 

[*1]Astan Camara, Plaintiff-Respondent,
v
Costco Wholesale Corporation et al., Defendants-Appellants.


Connors & Connors, P.C., Staten Island (Robert J. Pfuhler of counsel), for Costco Wholesale Corporation, appellant.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne (Angela Dee Williams of counsel), for Tiago Holdings, LLC, appellant.
Jaroslawicz & Jaros PLLC, New York (David Tolchin of counsel), for respondent.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered April 22, 2020, which, to the extent appealed from, denied defendants' motions for summary judgment dismissing the complaint and all cross claims as against them, unanimously affirmed, without costs.
Plaintiff Astan Camara alleges that on January 8, 2017 she was injured when she tripped and fell on a cracked and defective floor inside a Costco warehouse located at 517 E. 117th Street in Manhattan. Specifically, she contends that defendants were negligent in failing to properly maintain the floor, and that they created or permitted a hazardous or trap-like condition to exist as the floor had "an uneven surface." Defendants argued, in essence, that the condition constituted a nonactionable trivial defect.
"[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (Trincere v County of Suffolk, 90 NY2d 976, 977 [1997] [internal quotation marks omitted]). "A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79 [2015]). Moreover, "there is no minimal dimension test or per se rule that a defect must be of a certain minimum height or depth in order to be actionable," and therefore "granting summary judgment to a defendant based exclusively on the dimension[s] of the ... defect is unacceptable" (id. at 77 [internal quotation marks omitted]). The cases recognize that "a holding of triviality [must] be based on all the specific facts and circumstances of the case, not size alone" (id.; see Arpa v 245 E. 19 Realty LLC, 188 AD3d 479, 480-481 [1st Dept 2020].
Defendants here failed to make a prima facie showing "that the defect [in the area of the floor where plaintiff tripped] [was], under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances [did] not increase the risks it pose[d]" (Hutchinson, 26 NY3d at 79). According to defendants' expert, the alleged defect had a maximum height differential of less than 9/64th of an inch, but there was no evidence submitted regarding the condition of the floor area surrounding the defect (see Hutchinson, 26 NY3d at 77; Argenio v Metropolitan Trans. Auth., 277 AD2d 165, 166 [1st Dept 2000]). Moreover, defendants' expert's opinion that the area of the floor where the incident allegedly occurred was safe was based upon measurements he took nearly two and a half years after the accident and therefore was speculative (see Groninger [*2]v Village of Mamaroneck, 17 NY3d 125, 130 [2011]; Race v Village of Brewster, 185 AD3d 1071, 1072 [2d Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2021