Sessa v Central Amusement Intl., LLC (2022 NY Slip Op 01475)





Sessa v Central Amusement Intl., LLC


2022 NY Slip Op 01475


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2020-03168
 (Index No. 516234/17)

[*1]Carmela Sessa, respondent, 
v
Central Amusement International, LLC, appellant.


Sobel Pevzner, LLC, New York, NY (Paul X. Lima, Bella I. Pevzner, and Michael Wynn of counsel), for appellant.
Jeffrey I. Schwimmer, New York, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated January 24, 2020. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
While walking at an outdoor amusement park, known as Luna Park, in Coney Island, the plaintiff allegedly was injured when she tripped and fell over a height differential in the pavement. The plaintiff subsequently commenced the instant action to recover damages for personal injuries. After discovery, the defendant moved for summary judgment dismissing the complaint. By order dated January 24, 2020, the Supreme Court denied the motion. The defendant appeals.
"A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79). In determining whether a defect is trivial, the court must examine all of the specific facts and circumstances of the case, including, among other things, "the time, place and circumstance of the injury" (Trincere v County of Suffolk, 90 NY2d 976, 978 [internal quotation marks omitted]; see Hutchinson v Sheridan Hill House Corp., 26 NY3d at 77). A "physically small defect" (Hutchinson v Sheridan Hill House Corp., 26 NY3d at 78) can be rendered actionable if located in an area "where pedestrians are naturally distracted from looking down at their feet" (id.).
Here, the defendant failed to establish its prima facie entitlement to judgment as a matter of law on the ground that the alleged defect was trivial as a matter of law. Although the defendant showed, prima facie, that the alleged defect was "physically small," it failed to demonstrate that the surrounding circumstances, including the location of the alleged defect in a crowded amusement park with distractions such as lights and noises, did not "magnify the dangers it pose[d]" (id.; see Coker v McMillan, 177 AD3d 680, 681; Lomele v Chawla, 161 AD3d 1144).
Similarly, the defendant failed to establish, prima facie, that the alleged defect was [*2]open and obvious and not inherently dangerous, given the surrounding circumstances at the time of the accident (see Dalton v North Ritz Club, 147 AD3d 1017, 1018; Cassone v State of New York, 85 AD3d 837, 839). Among other things, the alleged defect "may have been obscured or concealed . . . given the large number of people traversing" the area (Cassone v State of New York, 85 AD3d at 839).
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
LASALLE, P.J., CONNOLLY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court