Saab v CVS Caremark Corp. (2016 NY Slip Op 07763)





Saab v CVS Caremark Corp.


2016 NY Slip Op 07763


Decided on November 17, 2016


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2016

Acosta, J.P., Renwick, Moskowitz, Feinman, Kahn, JJ.


2240 152673/12

[*1]Michael Saab, Plaintiff-Appellant,
v
CVS Caremark Corporation, et al., Defendants-Respondents.


Law Office of George T. Peters, Bronx (George T. Peters of counsel), for appellant.
McAndrew, Conboy & Prisco, LLP, Melville (Mary C. Azzaretto of counsel), for respondents.



Order, Supreme Court, New York County (Paul Wooten, J.), entered August 5, 2015, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants established prima facie that any defect in the sidewalk that allegedly caused plaintiff to trip and fall was insignificant and that there were no surrounding circumstances that magnified the dangers it posed (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 77-78 [2015]). They submitted plaintiff's testimony that he could not describe the characteristics of the alleged defect or specify exactly where on the sidewalk he fell, and an affidavit by an expert who took photographs and measured the area and found no defect presenting an elevation differential of more than one quarter inch and no space between sidewalk slabs greater than one half inch. Contrary to plaintiff's contention, the fact that the photographs were taken and the inspection performed almost two years after the accident is immaterial. Defendants submitted testimony that there had been no repairs to the sidewalk since the accident, and plaintiff does not argue that the photographs do not show the sidewalk in substantially the same condition as existed at the time of the accident.
In opposition, plaintiff failed to raise a triable issue of fact. He was unable to describe the defect, except to say that it was not wide and it was not deep, and he cites no surrounding circumstances that enhanced the danger. Nor did he offer any measurements of the alleged defects in the area of his fall in refutation of defendants' expert's measurements.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 17, 2016
CLERK