Rivera v City of New York (2020 NY Slip Op 01698)





Rivera v City of New York


2020 NY Slip Op 01698


Decided on March 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2020

Richter, J.P., Manzanet-Daniels, Singh, Moulton, JJ.


11242 302970/13

[*1] Virginia Rivera, Plaintiff-Appellant,
v
The City of New York, et al., Defendants, 1170 Webster Avenue Co., Defendant-Respondent.


Ferro Kuba Mangano P.C., New York (Kenneth E. Mangano of counsel), for appellant.
Law Office of James J. Toomey, New York (Evy L. Kazansky of counsel), for respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about February 7, 2019, which granted the motion of defendant 1170 Webster Avenue Co., LLC for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Defendant established its prima facie entitlement to judgment as a matter of law in this action where plaintiff alleges that she was injured when she tripped on a water cap in the sidewalk in front of premises owned by defendant. Defendant showed that plaintiff did not trip on the sidewalk in front of its building by submitting plaintiff's deposition testimony that the store in front of which she tripped said "99 cents" on it in big red letters and the affidavit of defendant's owner asserting that no such sign was displayed on its building, but rather on a building across the street (see e.g. Foley v Chateau Rive Equities, LLC, 172 AD3d 599 [1st Dept 2019]).
In opposition, plaintiff failed to raise a triable issue of fact. Her reliance on Google maps photos, purporting to show the location she described walking to in her testimony, is misplaced since they were not authenticated or definitively show that her fall was in front of defendant's building.
In any event, the alleged defect on which plaintiff tripped was trivial and nonactionable as a matter of law based on the characteristics and surrounding circumstances (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 77-80 [2015]). The water cap was a quarter to half of an inch below the surface of the sidewalk and the photographic evidence shows no defects in the water cap and surrounding sidewalk. Furthermore, plaintiff never attributed the cause of the accident to any broken or cracked
cement or inadequate lighting (see Saab v CVS Caremark Corp., 144 AD3d 540, 541 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 12, 2020
CLERK