(January 24, 1995)

■ BERNARD O'CALLAGHAN, Respondent, v ROBERT WALSH et al., Appellants. [621 NYS2d 343] —Judgment, Supreme Court, Bronx County (Hansel L. McGee, J.) entered December 29, 1993, as amended by a so-ordered stipulation entered on or about June 13, 1994, which, upon a jury verdict, awarded plaintiff the sum of $3,685,970.00 plus interest and costs, unanimously reversed, on the law, without costs, and the matter is remanded for a new trial.

In this action for personal injuries suffered by plaintiff when he was struck on the head and neck by a four pound piece of plaster which fell from his bathroom ceiling, it was improper for the trial court, absent any showing that counsel's conduct was willful or contumacious, to preclude the testimony of defense witness Catherine Jacobi. The disclosure of Ms. Jacobi's identity, which took place three weeks into the trial, did not sufficiently prejudice the plaintiff so as to warrant the sanction of preclusion, as he had notice of this witness' identity for approximately two weeks before the issue arose at trial. Absent any showing of prejudice and considering the nature of Ms. Jacobi's anticipated testimony, as plaintiff's friend, co-worker and as superintendent of the building at the time of the accident, which testimony would apparently have confirmed the testimony of defendant Robert Walsh as to the plaintiff's own efforts to fix the ceiling and as to the defense contention that plaintiff's drinking exacerbated his ailments,

would not have been cumulative, but would have impacted directly on the issues of liability and damages. It was an abuse of the trial court's discretion to preclude it.

Moreover, inasmuch as evidence of subsequent repairs is not admissible as to negligence, but may be admissible if an issue of control and maintenance exists *(Olivia v Gouze,* 285 App Div 762, 765, *affd* 1 NY2d 811), it was error for the court to admit such evidence where there was no issue of control. Defendants did not dispute such control, but rather admitted that they owned the building and that, if plaintiff was not going to fix the ceiling himself, they would have made other arrangements to make such repairs.

Finally, inasmuch as we are reversing on other grounds and ordering a new trial and are denying defendants-appellants' motion to enlarge the record on appeal to include a videotape excluded from evidence and not marked as an exhibit at trial, we are unable to determine the propriety of its exclusion on the present record and leave any decision as to its admissibility to the Trial Justice. We have considered appellants' other arguments and find them unpersuasive. Concur—Murphy, P. J., Sullivan, Kupferman, Asch and Tom, JJ.