Cons Laws of NY, Book 7B, CPLR C2221:9, at 185). (Appeal from Order of Genesee County Surrogate's Court, Morton, S.—Reargument.) Present—Lawton, J. P., Fallon, Callahan, Davis and Boehm, JJ.

■ Joseph A. Kaplan, as Limited Administrator of the Estates of Joseph J. Kaplan and Another, Deceased, Appellant, v Paul Sparks et al., Respondents. (Appeal No. 1.) [635 NYS2d 396] —Judgment unanimously reversed on the law with costs and new trial granted in accordance with the following Memorandum: We reject the contention of plaintiff that Supreme Court erred in refusing to submit to the jury plaintiff's claim for punitive damages. There was no evidence that defendants " 'acted "maliciously, wantonly, or with a recklessness that betokens an improper motive or vindictiveness" * * * or engaged in "outrageous or oppressive intentional misconduct" or with "reckless or wanton disregard of safety or rights" ' " (Camillo v Olympia & York Props. Co., 157 AD2d 34, 46, quoting Sharapata v Town of Islip, 56 NY2d 332, 335; see, Frenya v Champlain Val. Physicians' Hosp. Med. Ctr., 133 AD2d 1000, 1001).

Given the lack of knowledge and experience of the witness plaintiff sought to qualify as an expert, the court did not abuse its discretion in precluding his testimony (see, Meiselman v Crown Hgts. Hosp., 285 NY 389, 398-399).

The court did err, however, in precluding the testimony of Harry Trippett, plaintiff's witness. The excluded evidence was crucial to plaintiff's case and was relevant to the critical issue whether the truck owned and operated by defendants had a detent and neutral lockout mechanism, especially in light of the testimony of the vice-president of defendant William Pfohl Trucking Corp. that the truck was equipped with a detent. The testimony of Trippett would have related only to what he had personally observed and, therefore, advance disclosure of his identity was not required (see, CPLR 3101 [d]).

In light of our determination, we do not reach plaintiff's remaining contentions. (Appeal from Judgment of Supreme Court, Erie County, Rath, Jr., J.—Negligence.) Present—Lawton, J. P., Fallon, Callahan, Davis and Boehm, JJ.

■ Joseph A. Kaplan, as Limited Administrator of the Estates of Joseph J. Kaplan and Another, Deceased, Appellant, v Paul Sparks et al., Respondents. (Appeal No. 2.) [635 NYS2d 404] —Appeal unamimously dismissed without costs (see, Smith v Catholic Med. Ctr., 155 AD2d 435; see also, CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, Rath, Jr., J.—Set Aside Verdict.) Present—Lawton, J. P., Fallon, Callahan, Davis and Boehm, JJ.