■ Robin DeRoche, Respondent, v Methodist Hospital of Brooklyn, Appellant. [671 NYS2d 319] —In an action to recover damages for personal injuries, the defendant appeals from an interlocutory judgment of the Supreme Court, Kings County (Feinberg, J.), dated October 16, 1996, which, upon a jury verdict, found it 60% at fault in the happening of the accident.

Ordered that the interlocutory judgment is reversed, on the law, with costs, and a new trial is granted on the issue of liability.

On July 18, 1991, the plaintiff, a counselor employed by the Beth Israel Medical Center (hereinafter Beth Israel), tripped and fell when she caught her foot on a patch of torn carpeting. At the time of her accident, the plaintiff was assigned to work in a clinic which occupied two floors of a brownstone building in Park Slope, Brooklyn. Beth Israel leased the first two floors of the brownstone from the defendant, and the defendant provided Beth Israel with maintenance services which included garbage collection, cleaning, and plumbing repairs.

On appeal, the defendant contends that the trial court erred in refusing to allow it to introduce evidence that Beth Israel, which allegedly installed the carpeting inside the leased premises, repaired or replaced the carpeting after the plaintiff's accident. We agree. Although evidence that repairs were made or remedial measures taken after an accident are not admissible to show that a party was negligent, such evidence may be admitted where there is a disputed issue of maintenance or control (*see, Cleland v 60-02 Woodside Corp.,* 221 AD2d 307; *O'Callaghan v Walsh,* 211 AD2d 531; *Cacciolo v Port Auth.,* 186 AD2d 528). At bar, the defendant admitted that it was responsible for the maintenance of the leased premises, but denied that its duty to maintain the premises encompassed repair or replacement of the carpeting installed by Beth Israel. Moreover, the lease which was in effect on the date of the plaintiff's accident did not clearly define the scope of the defendant's maintenance responsibilities, or make any specific reference to the carpeting. Under these circumstances, the defendant should have been permitted to elicit evidence that Beth Israel repaired or replaced the carpeting after the plaintiff's accident.

There is no merit, however, to the defendant's claim that it was error to preclude its witness from testifying that maintenance of the carpeting was Beth Israel's responsibility. Although the parol evidence rule does not bar "evidence to clarify an ambiguity caused by the absence of particulars from the writing" (*Stage Club Corp. v West Realty Co.,* 212 AD2d 458, 459; *see also, Ruggiero v Long Is. R. R.,* 161 AD2d 622), the witness produced by the defendant was not competent to testify regarding the intent of the parties at the time the lease was made, and the defense counsel failed to establish a proper foundation for the witness to offer testimony regarding the custom or trade usage underlying certain phrases in the lease.

The defendant's remaining contentions are without merit, or relate to issues which are not properly brought up for review by the appeal from the interlocutory judgment apportioning liability. Rosenblatt, J. P., Miller, Ritter and Sullivan, JJ., concur.