TERESA ESTEVA, Appellant, v JOHN CATSIMATIDIS et al., Respondents. [772 NYS2d 267]—

Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered October 6, 2002, which denied plaintiff's motion to strike defendants' answers, unanimously reversed, on the law and the facts, without costs, to grant the motion, unless defendants provide discovery in accordance with plaintiff's notice of discovery and inspection within 30 days of service of a copy of this order with notice of entry.

The motion court denied plaintiff's motion to strike for defendants' failure to provide discovery in accordance with her demand on the ground that a note of issue had already been filed. However, while pretrial discovery after a note of issue has been filed is generally inappropriate, it may be permitted to prevent substantial prejudice where unusual or unanticipated circumstances develop subsequent to the filing of the note of is-

sue (*see* 22 NYCRR 202.21 [d]). Here, the resurfacing of the alleged accident site is the kind of "unusual or unanticipated circumstances" that would warrant discovery following the filing of a note of issue (*see Karakosta's v Avis Rent A Car Sys.*, 306 AD2d 381, 382 [2003]; *Gellman v Gellman*, 160 AD2d 265, 266-267 [1990]); in view of the conflicting claims as to ownership and control of the purported accident site, evidence respecting the resurfacing of the accident site would be highly relevant and admissible (*see DeRoche v Methodist Hosp. of Brooklyn*, 249 AD2d 438, 439 [1998]), and denying plaintiff pretrial access to such evidence would be a source of substantial prejudice.

While plaintiff's post-note of issue discovery demand was proper, defendants' failure to respond to it did not, under the circumstances, rise to the level of willful, contumacious or bad faith conduct and thus does not warrant the drastic relief sought by plaintiff (*see Mateo v City of New York*, 274 AD2d 337 [2000]). However, defendants' continued refusal to honor plaintiff's demand would justify a significantly more severe inference as to the nature of their conduct. Accordingly, we grant plaintiff's motion unless defendants provide the requested discovery within 30 days. Concur—Mazzarelli, J.P., Williams, Friedman and Gonzalez, JJ.