■ MED PART, a Division of HEALTH CARE EQUIPMENT & PARTS INC., Respondent, v KINGSBRIDGE HEIGHTS CARE CENTER, INC., Appellant. [802 NYS2d 403]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered March 16, 2004, which, in an action for goods sold and delivered, inter alia, granted plaintiff's motion for a protective order quashing nonparty subpoenas and deposition notices, and order, same court (Yvonne Gonzalez, J.), entered March 11, 2004, which, to the extent appealed from as limited by the briefs, denied defendant's motion for leave to file a late jury demand and to compel disclosure, unanimously affirmed, without costs.

Post-note of issue discovery was properly denied by both Justices, defendant having failed to demonstrate unusual or unanticipated circumstances to justify such relief (22 NYCRR 202.21 [d]; *cf. Esteva v Catsimatidis*, 4 AD3d 210 [2004]). The documents that defendant requested at the deposition of plaintiff's president could have been sought before the note of issue was filed, and, contrary to defendant's contention, the third-party disclosure it seeks could not have been prompted by the assertion of the Fifth Amendment by plaintiff's president at his deposition since the subpoenas and notices were served before the deposition was taken. Moreover, the assertion of the privilege was with respect to claims that were withdrawn, rendering the issue immaterial. Defendant's present argument that the third-party disclosure is relevant with respect to a proposed trial defense is foreclosed by defendant's failure to address in its brief the denial of its motion to add such defense for lack of an affidavit of merit. Denial of leave to file a late jury demand was an appropriate exercise of discretion in the absence of any explanation for the lateness (*cf. Ossory Trading v Geldermann, Inc.*, 200 AD2d 423 [1994]). Concur—Mazzarelli, J.P., Saxe, Sweeny, Catterson and Malone, JJ.