■ CYNTHIA DIAZ, an Infant, by Her Mother and Natural Guardian, ROSA MARTINEZ, et al., Respondents, v EMINENT ASSOCIATES, LLC, Appellant, and GO PRO SPORTS, Respondent. [819 NYS2d 32]—

Order, Supreme Court, New York County (Rosalyn Richter, J.), entered January 4, 2006, which denied the motion of defendant Eminent Associates (Eminent) for summary judgment dismissing the complaint, or alternatively, for contractual indemnification against defendant Go Pro Sports, affirmed, without costs.

The record discloses issues of fact as to whether Eminent negligently repaired the sidewalk where plaintiff allegedly fell (*see Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]), and the documentary evidence submitted by Eminent does not conclusively establish that the repair was undertaken after the accident. The dissent's reliance on the alleged "unequivocal assertion" of Eminent's property manager that the repair was done some time after September 7, 2001 (i.e., at least four months after the accident), is misplaced. In his affidavit, the manager does not expressly state his knowledge of the actual date of repair, but rather indicates that his recollection had been refreshed that such repair "was within one month of the date (October 7, 2001) of the bill" and, thus, "would not have been prior to September 7, 2001." Hardly unequivocal, the manager's statement is clearly predicated on the unsupported assumption that Eminent paid its bills in a timely manner and, on this record, is nothing more than guesswork.

In any event, the evidence of subsequent repair by Eminent raises a factual issue as to whether Eminent assumed responsibility for maintaining the sidewalk (*see Esteva v Catsimatidis*, 4 AD3d 210 [2004]; *DeRoche v Methodist Hosp. of Brooklyn*, 249 AD2d 438, 439 [1998]; *cf., O'Callaghan v Walsh*, 211 AD2d 531, 532 [1995]).

Issues of fact with respect to whether the alleged accident was attributable to negligence by Eminent also preclude summary adjudication of Eminent's claim for contractual indemnification (*see e.g. Barraco v First Lenox Terrace Assoc.*, 25 AD3d 427 [2006]; *Tormey v City of New York*, 302 AD2d 277, 278 [2003]).

We have reviewed the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Tom, J.P., Saxe, Nardelli and Gonzalez, JJ.

Catterson, J., dissents in a memorandum as follows: Because I believe that the record discloses no genuine issues of material fact, I must respectfully dissent. The majority believes that there is a factual dispute as to when Eminent undertook repairs of the sidewalk. The record demonstrates otherwise.

Plaintiff's claim against Eminent can only be based on the theory that Eminent negligently repaired the sidewalk at the location of the accident. The claim is solely one of "created condition."

It is uncontested that Eminent repaired the sidewalk after the accident of April 25, 2001. Eminent submitted the affidavit of its property manager, Barry Kirschenbaum, wherein he affirmed that the repair was done sometime after September 7, 2001. The deposition testimony of Joong E. Kim, the principal of defendant Go Pro Sports simply does not refute the unequivocal assertion of Kirschenbaum. When asked directly if he knew whether or not the sidewalk was repaired prior to the date of the accident, Kim replied, "No."

Plaintiff offers no evidence in contravention of the Kirschenbaum affidavit. Rather, plaintiff asserts that there is nonetheless a question of fact as to when the repair was done. This is insufficient to rebut Eminent's proof.

Therefore, given the uncontroverted fact that Eminent repaired the sidewalk after the date of the accident, there is no proof of any kind in the record that Eminent created the dangerous condition. Accordingly, I believe that the motion court erred in not granting Eminent summary judgment.