■ CLARA A. RIVAS, Appellant, v CROTONA ESTATES HOUSING DEVELOPMENT FUND COMPANY, INC., Respondent. [902 NYS2d 536]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered October 30, 2009, which, in an action for personal injuries sustained when plaintiff tripped and fell in the foyer of defendant's building, granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

The motion court improperly determined that dismissal of the complaint was warranted on the ground that the defect that allegedly caused plaintiff's accident was so trivial as to be nonactionable. The photographs, which show a missing portion of a triangular tile in the lobby floor, do not unequivocally demonstrate that that defect is trivial (*see Abreu v New York City Hous. Auth.*, 61 AD3d 420 [2009]). In the absence of evidence demonstrating the depth of the defect, and in light of plaintiff's testimony that her injury resulted from her heel getting caught in a hole caused by a missing tile, issues of fact remain as to whether the nature of the defect was such as to constitute a tripping hazard (*see Elliott v East 220th St. Realty Co.*, 1 AD3d 262, 263 [2003]).

Furthermore, the fact that plaintiff was aware of the defect prior to her injury is not relevant to the question of whether the defect was significant. The open and obvious nature of an obstacle or defect simply negates the property owner's duty to warn of it; "it does not eliminate the property owner's duty to ensure that its property is reasonably safe" (*Lawson v Riverbay Corp.*, 64 AD3d 445, 446 [2009]). Concur—Tom, J.P., Andrias, Catterson, Moskowitz and Acosta, JJ.