■ NELIDA A. VALENTIN, Appellant, v COLUMBIA UNIVERSITY, Respondent. [932 NYS2d 73]—

Dismissal of the complaint was not warranted in this action where plaintiff alleges that she was injured when, while walking on defendant's property, she stepped on a loose hexagonal paver, causing her foot to get caught in the space between pavers and her to fall to the ground. The statement from plaintiff's witness that "for many years prior to the date of the accident . . . the hexagon tiles in the specific area of [plaintiff's] fall were loose and uneven and presented a hazardous condition" created a triable issue of fact as to whether defendant had constructive notice of the loose condition of the subject paver (*see Colbourn v ISS Intl. Serv. Sys.*, 304 AD2d 369, 370 [2003]; *compare Lance v Den-Lyn Realty Corp.*, 84 AD3d 470 [2011]).

Contrary to defendant's contention, it failed to establish that the defect was trivial as a matter of law, since there is a lack of evidence demonstrating the size of the gap between the pavers (*see Rivas v Crotona Estates Hous. Dev. Fund Co., Inc.*, 74 AD3d 541 [2010]). Furthermore, because the loose condition of a paver is difficult to detect, such a condition, combined with a gap between pavers, creates a triable issue as to whether the condition of the walkway, regardless of any triviality, had the characteristics of a trap or snare (*see Glickman v City of New York*, 297 AD2d 220 [2002]). Concur—Saxe, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Román, JJ. [**Prior Case History: 2010 NY Slip Op 32219(U).**]