Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J), entered August 22, 2012, which granted defendants’ motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Defendants failed to establish entitlement to judgment as a matter of law in this action where plaintiff alleges that she was injured when she tripped and fell on a sidewalk defect in front of premises owned and operated by defendants. The pictures submitted by defendants in support of their motion do not unequivocally demonstrate that the complained-of defect is trivial as a matter of law since its size is not discernable and the photos appear to show that the defect has an edge, which could constitute a tripping hazard (see Abreu v New York City Hous. Auth., 61 AD3d 420 [1st Dept 2009]). There is also no evidence showing the defect’s dimensions at the time of the accident (see Valentin v Columbia Univ., 89 AD3d 502, 503 [1st Dept 2011]).
Defendants’ reliance on plaintiff’s testimony that the height difference between the sidewalk flags at the time of her accident was approximately one inch, is insufficient to satisfy their prima facie burden, since the testimony was at best an estimate of the actual size of the defect, and was not based on an actual measurement (cf. Vazquez v JRG Realty Corp., 81 *565 AD3d 555 [1st Dept 2011]). Furthermore, plaintiffs deposition testimony suggesting that, because “there were a lot of people at the bus stop” at the time of the accident, it was difficult to detect the defect, raises factual questions requiring a trial (see Argenio v Metropolitan Transp. Auth., 277 AD2d 165, 166 [1st Dept 2000]).
Defendants’ argument that they were not responsible for the defect either because it was “patchwork” around a lamppost, or because it was at a bus stop is unavailing. The photographs in the record do not appear to depict patchwork for which the City might be responsible (see Administrative Code of City of NY § 19-152 [a]), and defendants submitted no evidence to establish that the area was a designated bus stop maintained by the City (cf. Phillips v Atlantic-Hudson, Inc., 105 AD3d 639 [1st Dept 2013]). Concur — Mazzarelli, J.E, Acosta, Moskowitz, ManzanetDaniels and Gische, JJ.