■ SALVADOR PION, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [4 NYS3d 1]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered March 24, 2014, which, to the extent appealed from as limited by the briefs, denied defendant's motion to strike the complaint on the ground that the notice of claim was materially defective or, in the alternative, for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant waived its objection under CPLR 2101 (b) by failing to reject the notice of claim within 15 days of its receipt (see CPLR 2101 [f]). Moreover, defendant does not argue that the alleged defect in the notice of claim prejudiced a substantial right (id.).

Contrary to defendant's contention that plaintiff does not know what caused him to trip and fall down its staircase, plaintiff testified at his examination before trial that the circle he drew on a photograph during his General Municipal Law § 50-h hearing showed the location on the upper platform where his shoe got caught before he tripped and fell, and that the upper platform was broken and uneven. This testimony, coupled with plaintiff's expert affidavit identifying a toe-trap and a dangerous tripping hazard at the identified location as well as a gap between expansion joints is sufficient to raise an issue of fact whether plaintiff's fall was caused by the allegedly defective condition in the platform (*see Rodriguez v Leggett Holdings, LLC*, 96 AD3d 555 [1st Dept 2012]).

Defendant submitted no measurements of the alleged defect in support of its contention that the defect was trivial as a matter of law, and in any event plaintiff's expert's opinion that the gap and the height differential constituted a trap, particularly in light of its location at the top of a staircase, raises an issue of fact whether the defect, trivial or not, had the characteristics of a trap (*see Valentin v Columbia Univ.*, 89 AD3d 502 [1st Dept 2011]). Concur—Tom, J.P., Friedman, Andrias, DeGrasse and Gische, JJ.