# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**962**
**CA 15-00348**
PRESENT: SMITH, J.P., CARNI, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

SCOTT WINTERMUTE, PLAINTIFF-RESPONDENT,

V                                                  MEMORANDUM AND ORDER

VANDEMARK CHEMICAL, INC., DEFENDANT-APPELLANT.

---

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (MELISSA L. VINCTON OF COUNSEL), FOR DEFENDANT-APPELLANT.

BISOGNO & MEYERSON, LLP, BROOKLYN (PATRICK BISOGNO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Niagara County (Matthew J. Murphy, III, A.J.), entered May 9, 2014. The judgment awarded plaintiff money damages upon a jury verdict.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the posttrial motion is granted, the verdict is set aside and a new trial is granted.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when he slipped and fell inside a building at defendant's chemical plant. Following a trial, the jury returned a verdict in favor of plaintiff, and Supreme Court denied defendant's posttrial motion seeking to set aside the verdict pursuant to CPLR 4404 (a). We agree with defendant that the court abused its discretion in refusing to allow defendant to present the testimony of a witness who interviewed plaintiff concerning the facts and circumstances of his fall (*see generally Kaplan v Sparks* [appeal No. 1], 221 AD2d 974, 974). That evidence was relevant to the critical issue whether plaintiff slipped on snow or ice inside of defendant's building, or whether plaintiff tracked the snow into the building on his boots. Moreover, inasmuch as plaintiff was in possession of the written report generated as a result of the interview well before trial, plaintiff demonstrated no prejudice from the untimely disclosure of this witness (*see O'Callaghan v Walsh*, 211 AD2d 531, 531-532). We thus conclude that the court erred in denying defendant's posttrial motion to set aside the verdict and for a new trial (*see* CPLR 4404 [a]).

In light of our determination, we do not address defendant's remaining contentions.

Entered: December 31, 2015                          Frances E. Cafarell
                                                    Clerk of the Court