Gogu v Gap, Inc. (2020 NY Slip Op 00916)





Gogu v Gap, Inc.


2020 NY Slip Op 00916


Decided on February 6, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2020

Acosta, P.J., Richter, Kapnick, Mazzarelli, Moulton, JJ.


161370/17 -193 10970 & 

[*1] Stere Gogu, Plaintiff-Respondent,
v
Gap, Inc., et al., Defendants, Amdar Company, LLC, et al., Defendants-Appellants.


Mauro Lilling Naparty LLP, Woodbury (Melissa A. Danowski of counsel), for appellants.
Patterson & Sciarrino, LLP, Bayside (Jerome D. Patterson of counsel), for respondent.



Order, Supreme Court, New York County (Robert D. Kalish, J.), entered July 16, 2019, which, to the extent appealed from as limited by the briefs, denied the motion of defendants Amdar Company, LLC and Metro Real Estate Management Company (collectively Amdar) for summary judgment dismissing the complaint and cross claims as against them, unanimously affirmed, without costs.
Plaintiff was injured when he tripped and fell on the sidewalk abutting premises owned and managed by Amdar, as he attempted to avoid an oncoming vehicle, driven by codefendant Dimitrov, which mounted the sidewalk. Plaintiff testified that he was hit by the vehicle after he fell, and that he would have been able to avoid Dimitrov's vehicle had he not tripped and fallen on the defect in the sidewalk.
Plaintiff's account as to how he tripped and fell was not inherently incredible. Plaintiff's testimony that he took one or two steps away from the mailbox before falling on the defect while attempting to avoid the oncoming vehicle is not so improbable as to render it physically impossible (cf. Espinal v Trezechahn 1065 Ave. of the Ams., LLC, 94 AD3d 611, 613 [1st Dept 2012]). Plaintiff also sufficiently identified the cause of his fall, as he testified that he felt his foot trip on concrete and fell due to a "hole" in the sidewalk, and identified the defect in photographs during his deposition (see Taveras v 1149 Webster Realty Corp., 134 AD3d 495, 496 [1st Dept 2015], affd 28 NY3d 958 [2016]; Figueroa v City of New York, 126 AD3d 438, 440 [1st Dept 2015]).
Amdar failed to proffer sufficient evidence to establish prima facie that the identified defect was trivial and, thus, nonactionable as a matter of law under the conditions existing at the time (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 77 [2015]). The photographs that were submitted do not clearly depict the dimensions of the defect, since they were taken from a distance and the defect was never measured (see Rivas v Crotona Estates Hous. Dev. Fund Co., Inc., 74 AD3d 541 [1st Dept 2010]).
Furthermore, Amdar failed to establish that Dimitrov's negligence was the sole proximate cause of plaintiff's accident. Plaintiff testified that he would have safely avoided Dimitrov's vehicle if not for the negligently maintained sidewalk, and his testimony is supported by a police [*2]report showing that others were able to successfully avoid the vehicle.
We have considered Amdar's remaining arguments and find them unavailing.
M-193 - Stere Gogu v Gap Inc.
Motion for stay denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 6, 2020
CLERK