Goldwire v New York City Tr. Auth. (2020 NY Slip Op 06350)





Goldwire v New York City Tr. Auth.


2020 NY Slip Op 06350


Decided on November 05, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 05, 2020

Before: Acosta, P.J., Singh, Kennedy, Shulman, JJ. 


Index No. 23382/14 Appeal No. 12289 Case No. 2019-04233 

[*1]Fantansia Goldwire, Plaintiff-Respondent,
v
New York City Transit Authority, et al., Defendants-Appellants.


Lawrence Heisler, Brooklyn (Alison Estess of counsel), for appellants.
Law Office of Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph, III of counsel), for respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about September 24, 2019, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff was injured when her car collided with a bus going in the same direction on Bainbridge Avenue by the intersection of East 207th Street in the Bronx. Plaintiff testified that her vehicle was exiting from a parking space at a speed of between 10 and 20 miles per hour, when the bus struck the rear and left side of her car. A co-worker, who plaintiff drove home that day, stated that he witnessed the accident; and that the bus was traveling between 35 and 40 miles an hour, had crossed the double yellow line in the center of the roadway, overtook the car and struck it as the bus cut back too sharply. The bus driver stated that the bus was traveling at a speed of 10 miles per hour when it was hit by plaintiff's car at an angle in the rear center portion of the bus.
Defendants argue that they demonstrated as a matter of law that their negligence was not a proximate cause of the accident based on the analysis by their accident reconstruction expert. They contend that they demonstrated that it was impossible for the accident to have occurred as plaintiff and/or her coworker claimed and that the physical evidence was consistent with the bus driver's version of events.
The court properly concluded that there were material issues of fact precluding summary judgment. Defendants' expert did not rule out the possibility that the bus driver's negligence may have played some role in the accident (see Gogu v Gap, Inc., 180 AD3d 439 [1st Dept 2020]).
Plaintiff also demonstrated that there were issues of fact concerning whether her injuries were causally related to the accident based on the opinions of two of her treating physicians and the doctor who performed the no-fault examinations of plaintiff. Although defendants assert that plaintiff's medical conditions pre-dated the accident or resulted from a subsequent accident, plaintiff stated that she had no problems with her back, neck or left shoulder prior to the accident and did not re-injure these parts of her body. Defendants failed to definitively refute these contentions,THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 5, 2020