Lewis v Verizon N.Y. Inc. (2021 NY Slip Op 06546)





Lewis v Verizon N.Y. Inc.


2021 NY Slip Op 06546


Decided on November 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 23, 2021

Before: Kern, J.P., Gesmer, González, Shulman, Higgitt, JJ. 


Index No. 152084/12 Appeal No. 14698 Case No. 2020-04484 

[*1]Diana Lewis, Plaintiff-Respondent,
v
Verizon New York Inc., et al., Defendants-Appellants, Restani Construction Corp., et al., Defendants.


Lewis Brisbois Bisgaard & Smith LLP, New York (James M. Strauss of counsel), for Verizon New York Inc., and Empire City Subway Company (Limited), appellants.
Ahmuty, Demers & McManus, Albertson (Nicholas Vevante of counsel), for Triumph Construction Corp., appellant.
Law Office of Neil R. Finkston, Great Neck (Neil R. Finkston of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered October 19, 2020, which denied defendant Triumph Construction Corp.'s motion and defendants Verizon New York Inc. and Empire City Subway Company (Limited)'s (together Verizon) cross motion to strike the note of issue and certificate of readiness and compel additional discovery, unanimously modified, on the law and the facts, to direct plaintiff to appear for a supplemental deposition concerning only the additional tests and treatment disclosed in the third and fourth supplemental bills of particulars, undergo additional orthopedic and neurological independent medical examinations (IMEs), provide medical authorizations, not already provided, relating to the post-note of issue expert reports and witnesses, and procedures, tests, and additional treating doctors disclosed in the third and fourth supplemental bills of particulars, and otherwise affirmed, without costs.
Movants demonstrated that the tests and procedures disclosed in the third and fourth supplemental bills of particulars and the identification of additional expert witnesses were unusual and unanticipated, warranting additional limited discovery to prevent substantial prejudice to them(22 NYCRR 202.21[d]; see Esteva v Catsimatidis, 4 AD3d 210 [1st Dept 2004]).
Plaintiff consented to a limited deposition of her relating to the post-note of issue tests and treatment and to an orthopedic IME. A neurological IME is appropriate based on the post-note of issue tests and treatment of plaintiff's sciatic nerve. However, a psychological IME is not justified given that plaintiff withdrew her claim of psychological injuries.
Movants failed to demonstrate that vacating the note of issue and certificate of readiness is necessary, given the limited additional discovery required, and such relief would prejudice plaintiff (see Hickey v City of New York, 159 AD3d 511 [1st Dept 2018]). They are also not entitled to obtain discovery relating to pre-note of issue medical conditions, since they stipulated that discovery was complete on those matters when the note of issue was filed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 23, 2021