**Eisner v Zaim**

2024 NY Slip Op 33881(U)

October 29, 2024

Supreme Court, New York County

Docket Number: Index No. 656238/2020

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. ARLENE P. BLUTH**                       PART                    **14**

*Justice*

-----------------------------------------------------------------------------X

MARGARET EISNER, OREN EISNER

                              Plaintiffs,

                 - v -

BEYHAN ZAIM,

                         Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 656238/2020 |
| **MOTION DATE** | 10/28/2024 |
| **MOTION SEQ. NO.** | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 180, 181, 182, 183, 184

were read on this motion to/for                VACATE NOTE OF ISSUE        .

Plaintiffs' motion to strike the note of issue and to compel discovery is denied.

**Background**

In this action, plaintiffs seek to recover double the amount of their security deposit after vacating property owned by defendant in Manhattan. Plaintiffs claim that they started living in the unit in 2014 and signed various renewals that extended the lease until June 15, 2020. Plaintiffs allege that the lease converted into a month-to-month tenancy after that and they provided written notice of their vacatur on July 15, 2020 after paying the additional month's rent (June-July 2020).

Defendant argues that plaintiffs failed to vacate by the end of the lease and that their true surrender date is unclear because they notified defendant at least five days after they allegedly vacated the apartment and had not even returned all of the keys. Defendant further contends that plaintiffs failed to properly notify defendant of their intent to vacate and therefore cannot invoke the statutory protections offered by the General Obligations Law. Finally, defendant argues that

**656238/2020   EISNER, MARGARET vs. ZAIM, BEYHAN**
**Motion No.  004**

**Page 1 of 5**

1 of 5

[* 1]

there are significant issues of fact surrounding the condition of the apartment after plaintiffs vacated, for which defendant demonstrates that she incurred costs to restore the apartment to its original condition.

The Court observes that this case was previously transferred to Civil Court (NYSCEF Doc. No. 63 [CPLR 325(d) order]). At some point (although no such order was uploaded to the docket), this case was somehow transferred back to this Court. The docket shows that the parties e-filed discovery demands as far back as 2021. After the case was transferred back to Supreme Court, plaintiffs moved for summary judgment. The Court denied that motion on the ground that there were multiple issues of fact surrounding the precise vacate date and the fact that statutory deadlines were tolled in connection with the COVID-19 pandemic (NYSCEF Doc. No. 174).

In the Court's decision (which was dated May 7, 2024), the Court set a deadline of May 24, 2024 for the parties to file a note of issue. The Court reasoned that because the parties had seemingly engaged in discovery while the case progressed in Civil Court (in fact, counsel for plaintiffs e-filed a notice of deposition in April 2021 [NYSCEF Doc. No. 69]) and the fact that plaintiffs had just moved for summary judgment, discovery was likely completed. No party moved to reargue, renew or modify this portion of the Court's order. Nor did anyone move to extend the note of issue deadline. Instead, defendants filed a note of issue on May 24, 2024 (NYSCEF Doc. No. 176). Plaintiffs responded thirteen minutes later by filing their own note of issue that curiously stated that discovery was incomplete (NYSCEF Doc. No. 177).

Despite filing their own note of issue, plaintiffs then e-filed a notice of deposition a few months later on September 3, 2024 (NYSCEF Doc. No. 178). After defendant responded that a note of issue was previously filed in May 2024, plaintiffs filed the instant motion to seek post note discovery and to vacate these notes of issue. In support of their motion, plaintiffs argue that

**656238/2020 EISNER, MARGARET vs. ZAIM, BEYHAN**
**Motion No. 004**

**Page 2 of 5**

they only filed the note of issue to comply with the Court's order but insist that discovery was not complete. Plaintiffs also demand that they be permitted to depose defendant and that defendant be precluded from obtaining any further disclosure, including taking the deposition of plaintiffs. They insist that no depositions were ever held in this case and that they never waived any right to seek discovery.

In opposition, defendant argues that the trial court rules require a motion to strike a note of issue to be filed within 20 days after service of a note of issue and that plaintiff waited 102 days before filing the instant motion. She also observes that plaintiffs' note of issue seeks a jury even though this Court struck the jury demand in a prior motion decision.

In reply, plaintiffs emphasize that no depositions were taken in this case and that there is good cause to strike the note of issue. They also seek, in the event that the note of issue is not vacated, to nevertheless take defendant's deposition.

**Discussion**

"Where unusual or unanticipated circumstances develop subsequent to the filing of a note of issue and certificate of readiness which require additional pretrial proceedings to prevent substantial prejudice, the court, upon motion supported by affidavit, may grant permission to conduct such necessary proceedings" (22 NYCRR 202.21[d]). In other words, a party must "demonstrate unusual or unanticipated circumstances to justify" post note of issue discovery (*Med Part v Kingsbridge Hgts. Care Ctr., Inc.*, 22 AD3d 260, 261, 802 NYS2d 403 [1st Dept 2005] [denying demand for post note of issue discovery]).

The Court denies the branch of the motion that seeks to compel the post-note of issue deposition of defendant as plaintiffs failed to meet their burden to demonstrate that unusual or unanticipated circumstances justify this requested relief. This case has been pending for nearly

**656238/2020   EISNER, MARGARET vs. ZAIM, BEYHAN**
**Motion No.  004**

**Page 3 of 5**

3 of 5

[* 3]

four years. Plaintiffs have had ample opportunity to demand the deposition of defendant (as noted above, a notice of deposition was e-filed in April 2021), and they did not make any motions to compel the deposition of defendant. And, once the Court issued its decision denying plaintiffs' motion for summary judgment and directing that a note of issue be filed in a few weeks, plaintiffs did not do anything to insist that they still needed discovery. Instead, they, bizarrely, filed their own note of issue despite the fact that defendant had filed one first. While the Court recognizes that plaintiffs contend that they simply wanted to comply with this Court's order, the specific directive permitted any party to file the note of issue (that is, once defendant filed a note of issue, plaintiffs had no obligation to file their own).

More importantly, the note of issue deadline was not immediate. Plaintiffs had a few weeks to take the deposition, make a motion to compel a deposition, seek to modify the Court's order, move for an extension of the note of issue deadline or do anything to signal that discovery was still outstanding. Instead, they did nothing.

Even more bizarre is plaintiffs' inaction after the notes of issue were filed. Plaintiffs did not make a motion to strike defendants' note of issue within 20 days. "Within 20 days after service of a note of issue and certificate of readiness, any party to the action or special proceeding may move to vacate the note of issue, . . . After such period, except in a tax assessment review proceeding, no such motion shall be allowed except for good cause shown" (22 NYCRR 202.21[e]).

Here, plaintiffs did not demonstrate any good cause for why they waited so long to make the instant motion. Instead, they simply argue that they want to take the deposition of defendant. That demand does not explain their inaction during the nearly four years this case has progressed

**656238/2020  EISNER, MARGARET vs. ZAIM, BEYHAN**
**Motion No. 004**

**Page 4 of 5**

[* 4]

4 of 5

or why they failed to do anything to pursue this deposition until months after both they and defendant filed separate notes of issue.

**Summary**

In this Court's view, plaintiffs waived their right to take defendant's deposition by not doing anything to affirmatively seek one until long after a note of issue was filed. No explanation is provided for what happened while the case was in Civil Court and why plaintiffs never took defendant's deposition. The fact is that parties must timely utilize the various options under the CPLR to seek discovery that they believe they are entitled to receive. Here, plaintiffs never notified the Court prior to the filing of the note of issue that they wanted to take defendant's deposition. Nor did they timely move to strike the note of issue. Only now, months later, do they suddenly want to take defendant's deposition despite the post-note status of this case. The Court declines to condone this litigation strategy.

Moreover, the Court observes that it previously struck plaintiffs' jury demand (NYSCEF Doc. No. 44) and so that portion of plaintiffs' note of issue is invalid.

Accordingly, it is hereby

ORDERED that plaintiffs' motion for post-note discovery or to strike the note of issue is denied.

| | | | |
|---|---|---|---|
| **10/29/2024** | | | |
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** |

| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**656238/2020   EISNER, MARGARET vs. ZAIM, BEYHAN**
**Motion No.  004**

**Page 5 of 5**

5 of 5