Farella v 351 E 61 Realty LLC (2024 NY Slip Op 06298)

Farella v 351 E 61 Realty LLC

2024 NY Slip Op 06298

Decided on December 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 17, 2024

Before: Kern, J.P., Singh, González, Kennedy, Higgitt, JJ. 

Index No. 160973/17 Appeal No. 3279 Case No. 2024-00593 

[*1]Alisa Farella, Plaintiff-Respondent,
v
351 E 61 Realty LLC, Individually and Doing Business as 135 W. 24th Street Realty Corporation, et al., Defendants-Appellants.

351 E 61 Realty LLC Doing Business as 135 W. 24th Street Realty Corporation, Third-Party Plaintiff-Appellant,
v
Earl Hamlin, Third-Party Defendant-Respondent.

Dorf Nelson & Zauderer LLP, Rye (William H. Gagas of counsel), for appellants.
Law Office of Arnold DiJoseph, PC, New York (Arnold DiJoseph of counsel), for Alisa Farella, respondent.

Order, Supreme Court, New York County (Eric Schumacher, J.), entered on or about December 1, 2023, which denied defendants 351 E 61 Realty LLC d/b/a 135 W. 24th Street Realty Corporation, W. 24th Street Realty Corporation, and Liberty Enterprises, Inc.'s (collectively, defendants) motion for summary judgment dismissing the complaint against them, unanimously affirmed, without costs.
Plaintiff commenced this action alleging that she fell from a sixth-floor fire escape at an apartment building owned by defendant 351 E 61 Realty LLC. Prior to her fall, plaintiff met a resident of the building for a first date at a restaurant, where they spent approximately four hours. Plaintiff testified that she drank three margaritas, and they shared an appetizer. After, they went to a second bar, and plaintiff stated that she consumed less than half a beer. The resident then invited plaintiff to his apartment to show her the view. Both plaintiff and the resident testified that when they arrived, the resident opened a window and motioned for plaintiff to climb out onto the fire escape platform. Plaintiff stated that when she climbed out the window, she stepped down onto the fire escape's ladder to make room for him, but there was no rung, causing her to fall downward through the opening and strike several parts of the fire escape. She suffered numerous injuries, including fractures to her arms, pelvis, spine, face, and heel, as well as lacerations requiring surgical interventions and skin grafts.
Defendants moved for summary judgment, which the motion court denied.
Defendants' contention that plaintiff was intoxicated when she agreed to go out onto the fire escape, and that such intoxication was a superseding and intervening cause of her accident, is unpersuasive. Even if plaintiff had been legally intoxicated at the time of her fall — an assertion challenged by plaintiff's experts and the resident's testimony — this alone would not render her actions a superseding cause requiring dismissal on summary judgment (see Powers v 31 E 31 LLC, 123 AD3d 421, 423 [1st Dept 2014]; see also Katz v 260 Park Ave. S. Condominium Assoc., 168 AD3d 615, 616 [1st Dept 2019]; Lombardi v Partnership 92 W., L.P., 129 AD3d 547 [1st Dept 2015]). Defendants additionally argue that plaintiff's fall, as she described it, was impossible as a matter of law. One of their experts, an engineer, opined that plaintiff "must have fallen over the east side of the fire escape, out of the east most apartment window, or [in] some other manner." Despite a purported reliance on "engineering and physics," this opinion is speculative and conclusory, as his affidavit was unsupported by any calculations, formulas, or evidence (see Santos v Monadnock Constr. Inc., 209 AD3d 598, 599 [1st Dept 2022]). Plaintiff's account of her accident was not "inherently incredible" as a matter of law (Gogu v Gap, Inc., 180 AD3d 439, 439 [1st Dept 2020]); rather, defendants have merely "raise[d] issues of credibility [*2]that should be left to a jury" (Ramos v Rojas, 37 AD3d 291, 292 [1st Dept 2007]). In any event, the resident's testimony that the accident occurred as plaintiff claimed raises a question of fact, precluding summary judgment.
Further, it was not an improvident exercise of discretion for the motion court to consider the opinions, even though the experts were not engineers (see Melo v Morm Mgt. Co., 93 AD3d 499, 499-500 [1st Dept 2012]). Nor were the sworn affidavits incompetent (compare Banco Popular N. Am. v Victory Taxi Mgt., 1 NY3d 381, 384 [2004] [unsworn letter incompetent evidence]; Glueck v Starbucks Corp., 173 AD3d 450 [1st Dept 2019] [unsworn report inadmissible for purposes of summary judgment]).
We have considered defendants' remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2024