Weatherspoon v Mazal Ubracha 101 LLC (2025 NY Slip Op 03662)

Weatherspoon v Mazal Ubracha 101 LLC

2025 NY Slip Op 03662

Decided on June 17, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 17, 2025

Before: Manzanet-Daniels, J.P., Webber, Kapnick, Higgitt, Michael, JJ. 

Index No. 155330/21|Appeal No. 4590|Case No. 2024-04926|

[*1]Arlene Weatherspoon, Plaintiff-Appellant,
v
Mazal Ubracha 101 LLC et al., Defendants-Respondents.

Jason Levine, New York, for appellant.
Pillinger Miller Tarallo, LLP, Elmsford (Lauren R. Turkel), for respondents.

Order, Supreme Court, New York County (Eric Schumacher, J.), entered on or about July 25, 2024, which, to the extent appealed from as limited by the briefs, granted defendant Teng Dragon of 8 Ave, Inc.'s motion for summary judgment and dismissed the complaint in its entirety, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff seeks to recover damages for personal injuries sustained when she tripped and fell over the raised edge of a cellar door in the sidewalk.
Defendant Teng Dragon, as the party seeking dismissal of the complaint on the basis that the alleged defect is trivial, "must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79 [2015]; see also Trinidad v Catsimatidis, 190 AD3d 444, 444-445 [1st Dept 2021]). While it is true that "there is no 'minimal dimension test' or per se rule that a defect must be of a certain minimum height or depth in order to be actionable" (Trincere v County of Suffolk, 90 NY2d 976, 977 [1997]), producing measurements of the defect together with evidence of the surrounding circumstances is required for a prima facie showing that the defect was trivial as a matter of law (see Hutchinson, 26 NY3d at 79). Photographs produced by the plaintiff appear to show a non-trivial defect in the raised cellar door, and the testimony of defendant Mazal Ubracha 101 LLC's principal indicates a surface differential between the sidewalk and cellar door of approximately one inch. The Court of Appeals has made it clear that summary judgment should not be granted in a case in which "the dimensions of the alleged defect are unknown and the photographs and descriptions inconclusive" (id. at 84; see Gogu v Gap, Inc., 180 AD3d 439, 440 [1st Dept 2020]). Teng Dragon has not provided the actual measurements of the defect here, and thus, making every favorable inference in favor of the nonmovant plaintiff, has failed to establish its prima facie entitlement to summary judgment (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
For the same reason, summary judgment should not have been granted to defendant Mazal Ubracha, who never separately moved for said relief.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2025