Jennings v City of New York (2025 NY Slip Op 06134)

Jennings v City of New York

2025 NY Slip Op 06134

Decided on November 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 06, 2025

Before: Moulton, J.P., Gesmer, Rodriguez, Higgitt, Michael, JJ. 

Index No. 159776/17|Appeal No. 5108|Case No. 2024-04312|

[*1]Michael Jennings, Plaintiff-Respondent,
v
The City of New York, Defendant-Respondent, Haier America Building, LLC, Defendant-Appellant. [And a Third-Party Action]

Nicoletti Spinner Ryan Gulino Pinter, LLP, New York (Lara Liotti of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Jonathan A. Popolow of counsel), for The City of New York, respondent.

Order, Supreme Court, New York County (Jeanine R. Johnson, J.), entered June 12, 2024, which denied defendant Haier America Building LLC's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
In this personal injury action, plaintiff allegedly sustained injuries when he tripped over a displaced piece of concrete in the roadway as he stepped onto West 36th Street, approximately 35 to 40 feet from the corner of Broadway. Plaintiff alleges that Haier negligently maintained the sidewalk/curb abutting its property and allowed a large, broken, displaced piece of the concrete from its abutting sidewalk to remain on the roadway, causing him to sustain injuries.
Haier failed to make a prima facie showing of entitlement to summary judgment, as it failed to offer evidence establishing as a matter of law that it complied with its duty to maintain the sidewalk abutting its property in a reasonably safe condition and that it was not a proximate cause of plaintiff's injuries (see Sangaray v West Riv. Assoc., LLC, 26 NY3d 793, 800 [2016]). Shortly after the accident, plaintiff took photographs of the missing section of curb and sidewalk at the corner of the street in front of Haier's building and also took photographs of the concrete piece he allegedly tripped on. In addition, the record contained photographs of the area, taken several months before the accident, after a 311 complaint and a resulting Department of Transportation Highway Inspection Quality Assurance inspection. All the photographs show a broken curb that runs deep into the sidewalk abutting Haier's property, as well as a broken sidewalk flag on that sidewalk. These photographs raise issues of fact as to whether the concrete came from the broken sidewalk, which is Haier's responsibility; from the broken curb, which is defendant City of New York's responsibility; or from both (see Administrative Code of City of NY § 7-210[a], [b]; compare Figueroa v City of New York, 221 AD3d 527, 527-528 [1st Dept 2023] with Ascencio v New York City Hous. Auth., 77 AD3d 592, 593 [1st Dept 2010]).
Contrary to Haier's contention, it can be held liable for its failure to maintain the sidewalk in a reasonably safe condition even if plaintiff's accident did not occur on the abutting sidewalk (see Administrative Code § 7-210[a], [b]; Sangaray, 26 NY3d at 797-799).
The City's repair of the broken curb and/or sidewalk after the accident is not determinative as to liability but instead, "raises a factual issue as to whether [the City] assumed responsibility for maintaining the sidewalk" (Diaz v Eminent Assoc., LLC, 31 AD3d 296, 296 [1st Dept 2006]).
We have considered Haier's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 6, 2025