Castillo v Cannon Point South, Inc. (2026 NY Slip Op 01729)

Castillo v Cannon Point South, Inc.

2026 NY Slip Op 01729

Decided on March 24, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 24, 2026

Before: Manzanet-Daniels, J.P., Shulman, Rodriguez, Higgitt, Rosado, JJ. 

Index No. 160080/20 |Appeal No. 6171|Case No. 2025-04570|

[*1]Victor Castillo, Respondent,
vCannon Point South, Inc., et al., Appellants.

Kennedys CMK LLP, New York (Nitin Sain of counsel), for appellants.
Jason Levine, New York, for respondent.

Order, Supreme Court, New York County (Verna L. Saunders, J.), entered on or about July 14, 2025, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Although defendants did not explicitly raise the argument that they owed no duty to plaintiff as an out-of-possession landlord until their reply papers, this Court may consider the issue because the commercial lease was submitted with defendants' moving papers, the issue was apparently raised during oral argument, and the motion court ruled on it (see Matter of Kennelly v Mobius Realty Holdings LLC, 33 AD3d 380, 381-382 [1st Dept 2006]).
Nevertheless, the record presents questions of fact as to defendants' control over the parking garage leased by plaintiff's employer. The lease and certain maintenance records indicate that defendants retained a right of reentry to the garage and that, on at least two occasions prior to plaintiff's accident, which was allegedly caused by tripping on a raised drain grate inside the garage, defendants took action to maintain drain grates in the garage (see Henry v Hamilton Equities, Inc., 34 NY3d 136, 144 [2019]). The subsequent repairs undertaken by defendants also raise a factual issue as to whether defendants assumed responsibility over the garage's drain grates (see Diaz v Eminent Assoc., LLC, 31 AD3d 296, 296 [1st Dept 2006]).
The record similarly presents issues of fact as to whether defendants created or had notice of any dangerous condition with respect to the grate. An unauthenticated maintenance log covering the relevant period of plaintiff's accident was only produced with defendants' reply papers and differed from an earlier maintenance request list from a year prior to plaintiff's accident which defendants submitted with their moving papers and addressed at the depositions (see Gomez v Samaritan Daytop Vil., Inc., 216 AD3d 456, 457-458 [1st Dept 2023]). Further, it is not evident from the photographs or surveillance video of plaintiff's accident that the drain grate did not pose a hazard, or that any defect was open and obvious, trivial, or transient (see Gogu v Gap, Inc., 180 AD3d 439, 440 [1st Dept 2020]). Plaintiff testified that his shoe came off and became stuck in the grate when he tripped, which defendants do not refute. In any event, we note that plaintiff was deprived of the ability to inspect the grate, as the court held in a separate order that defendants had spoliated it and that plaintiff was entitled to an
adverse inference at trial with respect to the grate's condition.
We have considered defendants' remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2026